Fagg *v.* Clements.

---

## FAGG *v.* CLEMENTS.

| 16 | 389 |
|----|-----|
| 77 | 123 |

A JUDGMENT by default rendered in a Justice's Court, cannot be attacked collaterally as void for want of jurisdiction of the person of the defendant—who was a resident of the county, but not of the township in which the suit was instituted—when there appears in the record a certificate, indorsed on the summons by the officer serving it, and filed with the Justice who acted on it, that the summons was served on the defendant in the township in which suit was commenced.

Such certificate is sufficient, *prima facie*, to establish the jurisdiction of the Justice. The objection to the jurisdiction, that defendant did not reside in the township where suit was brought, should have been taken at the trial; and as defendant failed to appear, the judgment is conclusive.

APPEAL from the Ninth District.

Ejectment for a lot of ground with the improvements thereon.

Plaintiff, on the fifteenth of October, 1858, sued defendant and others, composing the firm of Searls & Co., in the Justice's Court of Weaverville township, Trinity county.   Defendant alone was served—the certificate of service being as follows:

" Received, Oct. 15th, 1858, at four o'clock, P. M.   I hereby certify, that I have served the within summons by delivering a true copy thereof to Clements, (Searls not found) at Weaverville, this fifteenth day of October, A. D. 1858.

" (Signed)        J. M. CASS, Constable.

" Filed, Oct. 15th, 1858.

" WM. MOLONEY, J. P."

Defendant failed to appear on the return day of the summons, or to answer, and judgment was rendered against him for one hundred and twenty dollars. Execution being issued, defendant pointed out to the Constable the lot in question as his, defendant's, property; which was sold under the writ, and in due time a Constable's deed made out therefor to plaintiff. Plaintiff sues for the land; defendant answers, setting up, among other things, that at the time he was served with the summons from the Justice of Weaverville township, he was a resident of Indian Creek township in the same county, and that there were then Justices in that township, and hence, that he could not be sued at Weaverville. The Court below, having tried the case without a jury, decided that the defense set up was invalid; that the judgment before the Justice was voidable and not void. Plaintiff had judgment; defendant appeals.

*R. T. Sprague*, for Appellant.

The judgment rendered by the Justice is void, the defendant not being a resident of the township in which suit was brought, and there being a Justice in the township of his residence at the time. (Wood's Dig. 232–3; *Lowe* v. *Alexander*, 15 Cal. 296.)

*A. C. Monson*, for Respondent.

The fact that the summons was served personally in Weaverville township, was presumptive evidence that the defendant resided there. If this is true, then the record is fair upon its face, and cannot be impeached collaterally. The judgment is conclusive upon all questions of fact which it was necessary for the Judge to pass upon. Where the jurisdiction of an inferior Court depends upon a fact which such Court is required to ascertain and settle by its decision, such decision concludes. (3 Phillips' Ev. C. & H. notes, 1016; *Brittian* v. *Kinnaird*, 1 Brod. & Bing. 432.) The place of residence was a question of fact for the Justice to determine. The Court below could not go behind the judgment and inquire upon what testimony it was pronounced, nor could it inquire whether it was pronounced upon any testimony whatever. The record could not show the decision of the Justice with regard to the place of residence of the defendant, or of any other fact, except by the judgment. He is not compelled to file any findings upon questions of fact. (Wood's Dig. 242, art. 1331, sec. 604.)

The law requires the Justice to ascertain and settle the residence of

defendant before rendering judgment; the absence of the defendant did not preclude him from inquiring into the fact and rendering judgment. (Wood's Dig. sec. 586, 240.)

Will this Court presume that the Justice failed to perform his duty? The plaintiff, before the Justice, may have introduced evidence showing that defendant resided in Weaverville. Can this Court determine that he did not? The law does not require that the Justice should show what, or that any evidence was introduced; how then can the Court, in a collateral proceeding, inquire into the decision of the Justice upon questions of fact? By the judgment of the Court, the question of residence became *res judicata*. (*Betts* v. *Bagley*, 12 Pick. 572, 582–3; 3 Phillips' Ev. C. & H. notes, 1020.) The defendant, by failing to appear before the Justice, voluntarily submitted the question of residence to his decision. " The judgment of an inferior Court, on a question of jurisdiction submitted to it, has the same binding efficacy on the parties as its judgment in any other matter confessedly within its cognizance, and errors in this respect can only be corrected in the same manner that its other errors are; thus, it has been held that a conviction for default, in serving as a militia-man or on the highway, was conclusive, till reversed on error." (*Fox* v. *Wood*, 1 Rawle, 143; *Harrington* v. *Commissioners of Roads*, 2 McCord, 400.)

Our statute says, where the action is brought in the wrong township, the party must appear and raise the objection at the trial, otherwise he waives it. (Wood's Dig. sec. 591, 240.) Section five hundred and eighty-six says: " When the defendant fails to appear, the case may, nevertheless, proceed."

*Sprague*, in reply.

The jurisdiction of inferior Courts must be proved, it is never presumed. Jurisdictional facts are not required to be proved by Justices of the Peace. Whenever it appears that, as a matter of fact, there was a want of jurisdiction, the judgment will be void in whatever Court it was rendered, and such fact may be established by parol. (*Bloom* v. *Burdick*, 1 Hill, 131; 4 Hawkins, 283; 1 Cowen's Treat. 447; Cow. and Hill's notes to Phillips' Ev. 987, 1016, 1020; 19 Johns. 40; *Malone* v. *Clark*, 2 Hill, 657.)

The case relied upon by counsel for respondent, is a case where it was, by statute, made the duty of the Commissioners of Insolvents, first, to have positive evidence and determine the jurisdictional fact, that

two-thirds of the creditors in amount of the insolvent, had signed his petition, before the Commissioner could take jurisdiction of the subject matter.

Justices' Courts are not required to find the jurisdictional fact necessary to confer jurisdiction.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and BALDWIN, J. concurring.

This is an action of ejectment, and the questions in the case arise upon objections to the validity of a Justice's judgment. It is claimed that the judgment is void for want of jurisdiction of the person of the defendant, it appearing that he was not a resident of the township in which the suit was instituted, but resided in a different township of the same county. The summons was served in the township in which the suit was commenced, and a certificate to that effect was indorsed upon the summons by the officer who made the service, and filed with the Justice. This certificate constitutes a portion of the record, and is sufficient, *prima facie*, to establish the jurisdiction. The Justice having acted upon it, the judgment cannot be collaterally impeached. The objection should have been taken at the trial, and as the defendant failed to appear, the judgment is conclusive. In the case of *Lowe* v. *Alexander*, decided at the April term, there was no evidence of the jurisdiction in the record, and the decision proceeded entirely upon that ground.

Judgment affirmed.