Lewis *vs.* Armstrong *et al.*

John B. Lewis, plaintiff in error, *vs.* J. R. Armstrong, administratrix, *et al.*, defendants in error.

(By two judges.)—1. Where a judgment has been obtained since the adoption of the Constitution of 1868, it cannot be attacked by affidavit of illegality to the execution issued thereon, on the ground that the consideration of the contract on which the judgment is founded was a slave. Such defense should have been made to the action.

2. When judgment was obtained at common law against the makers and indorser of a note, and an appeal entered, which was afterwards dismissed, and subsequently the indorser is again sued on the note and permits a judgment to be taken against him by default, he cannot, by affidavit of illegality, attack such second judgment on the ground that a prior judgment unreversed existed against him for the same debt. He should have made this defense to the second action.    12th March, 1871.

Slave debts.    Illegality.    Before Judge Cole.    Dooly Superior Court.    October Term, 1871.

On the 20th of October, 1868, James M. Armstrong obtained a judgment against Lewis upon two promissory notes made in 1860. When the *fi. fa.* was issued and levied upon Lewis' property he made oath that it was proceeding against him illegally, upon the following grounds: 1st. It is founded upon a contract, the consideration of which was slaves, and, therefore, the judgment was void under the Constitution of 1868, which forbade the Courts to give judgments on slave debts. Second. Because when this judgment was entered against him, plaintiff already had another valid and subsisting judgment against him for the same demand. The The other grounds are not material. Armstrong being dead, his representatives were made parties. And they demurred to said affidavit of illegality. The Court sustained the demurrer. That is assigned as error.

S. Rogers; Poe, Hall & Poe, for plaintiff in error. If the Court have no jurisdiction, its judgment may be attacked whenever it is sought to enforce it: Revised Code, secs. 3776,

3535, 3536; Cooly's Con. Lim., 397, 399; 14 How. R., 334; 11th, 460; 9th, 350; 24th, 203; Cowp. R., 640. The first judgment was a bar to the second: 11 East. R., 118; Revised Code, section 2674. They asked to review Miller *vs.* Albritton, decided last term.

Joseph Armstrong, for defendants, cited Revised Code, section 3621; 40 Ga. R., 506; 43d, 273; 41st, 274; 44th, 347; 7th, 204; 8th, 146; 22d, 570; 26th, 141; 11th, 137; 8th, 317.

Montgomery, Judge.

There are two grounds of illegality insisted on by plaintiff in error in this case—first, that the consideration of the debt on which the judgment is founded, was slaves. This defense comes too late; if good, it should have been pleaded to the action. Secondly, that a former judgment had been obtained against the defendant in *fi. fa.* for the same debt, and that this was the second judgment for the same amount. This stands in the same position with the first ground. See 40 Ga. R., 493, 500; *Miller vs. Albritton*, July Term, 1871.

Judgment affirmed.