JOHN W. LOWELL, RESPONDENT, *v.* J. T. PARKIN-
SON and WILLIAM HYNDMAN, APPELLANT.

REVIEW OF INTERMEDIATE ORDER.—On an appeal from a judgment
the appellate court will not review the action of the trial court
in making any order in the case prior to judgment unless such
order be brought before the appellate court by a bill of excep-
tions or statement of the case.

SUBSTITUTION OF PARTY.—Where, during the pendency of a suit,
there is a transfer of interest which is set up by a supplemental
complaint a judgment in favor of the transfers will be reversed
if there be no order of the court substituting him as in the
action.

APPEAL from a judgment of the district court of the
third district.

The facts are stated in the opinion.

*Mr. John R. McBride* and *Mr. Frank Hoffman,* for
appellants.

What will this court consider on an appeal from the
judgment without a statement?

In California the court only looks at the judgment roll,
but a comparison of the California statute and ours shows
them to be different.

It is only when there is a statement that the judgment
roll comes up on an appeal from the judgment. Compiled
Laws § 1560.

Sections 1561 and 1562 of the Comp. Laws in connection
with section 1553 give the right to an appeal from a final
judgment, and on such appeal the court will review any
intermediate order involving the merits.

The object of a statement is not to bring into the record
matters already of record in the court below: *Tendy* v. *Ellis*
22 Cal. 658; *Carpenter* v. *Williamson,* 25 Cal. 167.

As the statute gives the right to appeal from the judg-
ment and on such appeal allows a review of intermediate
orders affecting it, the transcript on such appeal, must, by
force of that provision, consist of whatever is of record

in the court below, or has been brought into the record by a statement.    The "record" of a court is every proceeding in the progress of an action which the law requires to be preserved in writing.    Boux. L. Dict. Titles Issue Roll. Judgment Rolls, *McClelland* v. *Dickenson*, 2 Utah 100.

*Messrs. Hoge & Burmester*, for the respondent.

EMERSON, J.:

Plaintiff had judgment in the court below, and defendants appealed from this judgment.    There is no statement on appeal, nor any bill of exceptions settled at the trial, so as to become a part of the judgment roll.    The appellant has brought together, and had printed, a number of orders, made by the court during the progress of the case, and among them orders striking out portions of the answer, and refusing to strike out portions of the complaint, and which he alleges as errors, for which this court will reverse the judgment.

We cannot review these orders, because they are not made a part of the judgment roll by a statement or any bill of exceptions.

The appellant claims, however, that because the clerk has certified that these various orders appear among the files, or on the minutes of the court, that they are part of the record, and are properly here, and can be reviewed by this court, and that he was not bound to furnish a statement in order to bring them into the judgment roll, or make them a part of the record to be reviewed by this court.

Section 334 of the Practice Act, as it stood at the time this appeal was taken, provided that "a copy of the statement shall be annexed to a copy of the judgment roll, if the appeal be from a judgment; if the appeal be from an order, to a copy of such order," and section 338 of the same act provided that "on an appeal from a final judgment, the appellant shall furnish the court with a transcript of the notice of appeal, and the statement, if there be one," etc.

Unless this last section be interpreted to mean that the

court shall be furnished with a transcript of the judgment roll, as well as with the notice of appeal, the requirement is unmeaning, and there would be no way to get the judgment roll before the appellate court. This is the interpretation which has been given to it by the bar. The words "judgment roll" occurring in the statute from which ours was copied, were evidently left out of section 338 by mistake and not by design.

The errors complained of could only be brought into the judgment roll, by a statement, as the office of that instrument is to bring into the roll matters like those complained of in this case, which otherwise would not appear there.

From the history of the case, it appears that the suit was commenced by John W. Lowell and Jonathan M. Williamson, as partners, under the firm name of John W. Lowell & Co., and during its pendency the firm was dissolved, and the acceptances upon which it was brought, were assigned to John W. Lowell. A supplemental complaint setting up this fact, was filed and served upon the defendant, who seemed to have taken no notice of it. No order appears to have been made, changing the name of the parties, and yet the judgment entered was one in favor of John W. Lowell. If the order of substitution had been made, it should have appeared in the ordinary judgment roll: Sec. 203, Practice Act.

The fact that the plaintiffs had assigned the acceptances, after the complaint was filed, is not such a material fact as rendered necessary or proper, the filing of a supplemental complaint. Section 16 of the Practice Act provided, among other things, that "in case of the death, or disability of a party, the court, on motion, may allow the action to be continued by, or against his representative or successor in interest. In the case of any other transfer of interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be substituted in the action." This case could have been continued in the name of the original party, notwithstanding the assignment, or a substitution could have been had upon motion. It was a matter left to

the election, and for the accommodation of the plaintiffs, and one in which the defendant had no interest.

As there appears to have been no order of the court substituting the person in whose favor judgment was finally rendered, for the original plaintiffs, there is in effect no judgment in the case.

Judgment reversed, and a new trial ordered.

ZANE, C. J., and TWISS, J., concurred.