WALLACE C. BOWRING, APPELLANT, v. JOSEPH C. BOWRING, RESPONDENT.

JUDGMENT ROLL—AFFIDAVIT USED ON MOTION.—The affidavits used on a motion to discharge an attachment are no part of the judgment roll, and on an appeal from the order of the court on the motion, such affidavits will not be considered unless properly embodied in a bill of exceptions.

APPEAL from an order of the district court of the third district refusing to discharge an attachment.

*Messrs. Darke & Kenner*, for the appellant.

*Mr. Arthur Brown*, for the respondent.

ZANE, C. J.:

The plaintiff in this case filed his complaint in the office of the clerk of the third district court, and the defendant his answer. The plaintiff also filed an affidavit in which he alleged that defendant was disposing of his property with intent to defraud his creditors. And an attachment writ issued by virtue of which defendant's property was seized. The defendant entered a motion to discharge the attachment for the reason that the charge of fraud was untrue, and presented affidavits in its support, and the plaintiff presented counter affidavits. The motion was overruled by the court and defendant excepted and appealed from the order. The issue determined by the court was one of fact and the evidence consisted of affidavits. In order to determine this issue we must have the evidence before us. Some of the affidavits used on the hearing of the motion in the court below, were copied into the transcript, others were not, and those copied were not identified in the clerk's certificate as the ones used, nor are they found in the bill of exceptions. Except in cases in which default is entered, the judgment roll consists of the pleadings, a copy of the verdict of the jury, or finding of the

court or referee, all bills of exceptions taken and filed, and a copy of any order made on demurrer, or relating to a change of parties, and a copy of the judgment. The affidavits were not a part of the judgment roll: Sec. 551, p. 251, Laws Utah, 1884. Sec. 538, p. 249, Ibid, provides that "the judgment roll and the affidavits or bill of exceptions or statement, as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial, unless the motion be made on the minutes of the court, and in that case the judgment roll and a statement to be subsequently prepared, with a copy of the order, shall constitute the record on appeal." This section applies to records on appeal from orders granting or overruling motions for new trials.

On appeal from an order granting or refusing a motion to dissolve an attachment, there is no statute making the motion itself or the affidavits a part of the record without a bill of exceptions. But if it were conceded that a bill of exceptions was unnecessary to bring such affidavits before this court we hold that all the evidence heard upon the motion to discharge should be found in the record and if consisting of affidavits, they should also be specified in the certificate of the clerk and identified. In the case of *Paine* v. *Linhill*, 10 Cal. 370, the court said: "The practice act, after designating the manner in which statements shall be prepared, expressly excepts appeals, from an order made upon affidavits filed, and provides that the affidavits shall be annexed to the order in place of the statement: Sections 337, 343. All that is required then, in such a case, is, that the certificate of the clerk should specify the affidavits used, and to enable him to do so, he should, at the time, mark them as filed on the motion." The California statute referred to applies to all orders made upon affidavits filed. In that it differs from the Utah statute. If we concede, however, that section 538 of the Utah statute above quoted, applies to all orders made upon affidavits filed, still we cannot reverse the judgment of the court below; first, because all the affidavits used on the hearing of the motion are not found in the transcript;

second, those copied into the transcript are not specified in the certificate of the clerk, they are not marked as filed on the motion or identified in any way. Such a practice would result in uncertainty and in reversals on imperfect or partial records. We are of the opinion that the order appealed from cannot be disturbed on this record. It is therefore affirmed.

EMERSON, J., and TWISS, J., concurred.