[No. 12600. In Bank. — September 25, 1888.]

F. A. GREGORY, APPELLANT, v. LOUIS BOVIER, RESPONDENT.

JUSTICE'S JUDGMENT — COLLATERAL ATTACK — MERGER. — Upon a collateral attack, it is not permissible to show that the debt upon which a justice's judgment was based was merged in a former judgment rendered in the justice's court of another township.

ID. — JURISDICTION — RESIDENCE OF DEFENDANT. — It is not competent, upon collateral attack, to prove that the defendant, who was served in the township where a justice's judgment was rendered, did not reside in such township. The objection should have been taken upon the trial.

QUIETING TITLE — EXECUTION — SALE EN MASSE. — It is not available, in a collateral action to quiet title, to attack the defendant's title, acquired under an execution sale, on the ground that the lots of land were sold en masse, the period for redemption having passed.

PLEADING — CROSS-COMPLAINT. — It is not what a pleading is called which determines its character, but the facts which it sets up. When the latter part of an answer is in its nature a cross-complaint, affirmative relief may be granted to the defendant therein, which is proper under the facts stated and the prayer of the pleadings.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.

The facts are stated in the opinion.

*John M. Lucas*, for Appellant.

*Hunsaker & Britt*, and *Hendrick & Younkin*, for Respondent.

FOOTE, C. — Action to quiet title. The court below gave judgment for the defendant as prayed for in the answer and cross-complaint. From that, and an order denying a new trial, the plaintiff appealed.

It appears that the defendant claimed title as against the plaintiff, by virtue of an execution sale under a judgment rendered against him by a justice of the peace, in San Diego township, of the county of San Diego, and one of the plaintiff's contentions was that this judgment was void, because a justice of the peace, in Agua Caliente township, of the same county, having previously taken jurisdiction of the subject-matter of the contract involved in both actions, and exercising his jurisdiction by merging the same into a judgment, had made it impossible that there could be exercised over the same subject-matter the jurisdiction of another justice's court.

It appears to us that in a collateral attack, such as is made in this action, upon the judgment rendered in San Diego township, the trial court properly held that it was not permissible to show that the debt upon which it is based was merged in the former judgment rendered in Agua Caliente township. (Freeman on Judgments, sec. 284 a; *Lewis* v. *Armstrong*, 45 Ga. 131.)

It is further urged upon us that the judgment rendered in San Diego township is void, because the court did not have jurisdiction to try the action, by reason of the fact, as is claimed, that the defendant did not reside in the township where judgment was rendered against him.

In answer to that, it is sufficient to say that it was not competent to prove that his residence was not in that township, because the return upon the summons in the action showed that the proper officer had served it upon the defendant in the township where the suit was brought, and this was sufficient proof to authorize the court to determine that it had jurisdiction of his person so as to render its judgment in the premises valid. (*Fagg* v. *Clements*, 16 Cal. 389.)

The court having, upon sufficient evidence, as shown affirmatively by the record, obtained jurisdiction, it was not competent, in a collateral action, such as this, to disprove the existence of that jurisdiction. The objection should have been taken upon the trial in the justice's court of San Diego township, and it was too late to make it in this action. (*Fagg* v. *Clements*, 16 Cal. 389.)

Neither was it available for the plaintiff in this collateral action to attack the defendant's title on the ground that the lots of land were sold *en masse*, the period for redemption having passed. (*Vigoreux* v. *Murphy*, 54 Cal. 347; *Griswold* v. *Stoughton*, 2 Or. 61; 84 Am. Dec. 409; *Hibberd* v. *Smith*, 67 Cal. 547; 56 Am. Rep. 726; citing *Blood* v. *Light*, 38 Cal. 649; 99 Am. Dec. 441, and other cases.)

In his supplemental brief the appellant claims that the judgment should be reversed, because it granted relief outside of any matter presented to the court for decision by the pleadings. And in this connection his argument seems to be that the court gave affirmative relief upon what it denominates a cross-complaint,

which was not in fact such, not containing any allegations warranting affirmative relief.

It is not what the pleading is called which determines its character, but facts which it sets up. (*Holmes* v. *Richet*, 56 Cal. 311; 38 Am. Rep. 54.)

We think the latter part of the answer was a cross-complaint, and that the relief granted was proper under the facts stated and the prayer of the pleadings.

No prejudicial error apearing in the record, we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

THORNTON, J., concurring.—I concur in the judgment herein, for the reason that, conceding that the plaintiff had a right to show that the judgment in *Allison* v. *Gregory*, in the justice's court, was of no effect to transfer a right by a sale under an execution issued upon it, on the ground that he was a resident of a township different from that in which he was served, he was, on the trial of this cause in the court below, allowed to offer evidence on such issue, and the court ruled against him on the question, which was one of fact. The court, in pronouncing judgment against him, must have so ruled in sustaining the jurisdiction of the justice's court in the cause above mentioned.

On the other points in the opinion, I am of opinion that the judgment of the learned commissioner is correct, and concur in it.