REUBEN C. REEVER, APPELLANT, *v.* ALBERT J. WHITE AND ANOTHER, RESPONDENTS.

REFERENCE.—POWER OF REFEREE.—NONSUIT.—*Semble* that under the terms of an order referring a cause to a referee to make and report findings of fact and conclusions of law, if the evidence offered before the referee is not sufficient upon which to make findings for the plaintiff, the referee may grant a nonsuit.

ID.—ID.—REFEREE IS THE COURT.—A referee, under a general order of reference of the statute, has the same powers in trying the cause that the court would have if it tried the cause.

ID.—NEW TRIAL.—STATEMENT.—*Semble* that when a cause is tried before a referee and he reports, then judgment must be entered in the court and a motion for a new trial made as in a case tried before the court and statement settled for the same by the referee, whereupon the court passes on the motion.

APPEAL.—FROM JUDGMENT.—QUESTIONS.—Where a cause has been referred and referee has reported that for lack of evidence he granted a nonsuit and dismissed the case and thereupon a judgment of dismissal upon nonsuit is entered and no motion for new trial is made, and an appeal is taken from the judgment; *held* that the question before the court was simply a dismissal upon a granting of a nonsuit, without any evidence in the record to illustrate any possible error.

APPEAL from a judgment of the district court of the third district. The opinion states the facts.

*Messrs. Loofbourow and Kahn,* for the appellant.

*Messrs. Rawlins and Critchlow* and *Messrs. Zane and Putnam,* for the respondents.

MINER, J.:

By consent of the attorneys in this case, an order was made referring it to a referee "to take the testimony in the case, and report to the court his findings of fact and conclusions of law, and report to the court with all convenient speed." The referee afterwards reported that testimony was introduced on behalf of the plaintiff, and that after its conclusion, and after the plaintiff had rested his case, the defendants moved the court to dismiss the case, for the reason that plaintiff had not shown facts sufficient to constitute a cause of action against any of the defendants; that the motion was argued by counsel, and sustained by the referee, to which counsel for plaintiff duly excepted; whereupon plaintiff's counsel requested the referee to make findings of fact in said cause, which request was denied, to which ruling the plaintiff's attorney duly excepted. Defendants' attorney then moved the court to confirm the report of the referee and render judgment thereon. Before said motion was heard, the plaintiff's attorney duly filed and served his exceptions to the report of the referee, and asked to

have such report set aside, because—(1) no findings of fact or conclusions of law were found, filed, or reported, as required by the statute; (2) no evidence is reported by the referee; (3) the report does not comply with the order of reference; (4) the report shows that the referee exceeded his jurisdiction in dismissing the action, and contains no recommendation or anything upon which the court can act or enter any judgment. Upon the hearing the court overruled the motion, adopted the report of the referee, and entered judgment for the defendants for costs, and dismissed the action. Plaintiff appeals from the judgment and from the order overruling plaintiff's motion to set aside the report of the referee upon the grounds above stated.

The appellant now contends that the authority of the referee was created by the order of reference, and was limited by the terms of the order, beyond which he had no power to go; that under such order of reference the referee could only take the testimony, and report to the court his findings of fact and conclusions of law applicable thereto; that, in dismissing the case without reporting his findings of fact upon which his decision was based, he exceeded his authority; and that the court erred in rendering judgment upon said report, as there were no facts upon which the court could act in determining the question as to whether the conclusions of law as found by the referee were correct. And to sustain this position counsel cite: *Forbes* v. *Chichester,* 125 N. Y. 769; *Weirich* v. *Cook,* 39 Mich. 134; *Hihn* v. *Peck,* 30 Cal. 285; *Lambert* v. *Smith,* 3 Cal. 408; *De Long* v. *Stahl,* 13 Kan. 558; Comp. Laws Utah, 1888, §§ 3388; 3389, 3383; *Connor* v. *Morris,* 23 Cal. 451. It is claimed on the part of the respondents that the referee had the same power as the court in relation to the trial; that under this order of reference he could grant a nonsuit and report a judgment to that effect; that the report as

made sufficiently conforms to the reference, and will support the judgment. He also contends that, a nonsuit having been granted, no findings of fact were necessary, as the judgment of nonsuit was based upon the absence of material, relevant facts, that would constitute a basis of recovery. In support of this view respondent cites: *Reynolds* v. *Brumagim,* 54 Cal. 254, 258; *Mining Co.* v. *Gilson,* 47 Cal 601; Hayne, New Trials & App. §§ 112, 229, 240; *Plant* v. *Fleming,* 20 Cal. 93.

This is an appeal from the judgment alone. No exceptions were taken in the court below to the findings as being against the evidence, no motion for new trial was made after entry of judgment, no statement on such motion was presented with the testimony, no bill of exceptions was filed. We find simply a judgment of nonsuit rendered by the district court, to which an objection was made that there were no findings of act or conclusions of law, and no testimony presented upon which the court could act. It would seem that under the order of reference the referee was justified in dismissing the case, if there was no evidence presented sufficient to constitute a cause of action, and such report and findings would stand as the findings of the court, and judgment could be entered thereon in the same manner as if the action had been tried by the court, and that the referee would have the same right to enter a nonsuit and dismiss the case as a court would have. In either case, no findings of fact would be necessary. Section 3389, Comp. Laws Utah, 1888; *Runyon* v. *Hedges,* 46 N. J. Law, 359; *Plant* v. *Fleming,* 20 Cal. 93; 54 Cal. 254; *Gibson* v. *Gibson,* 47 Cal. 601; Hayne, New Trials & App. §§ 112, 240. But it is not necessary to determine the effect of this order, nor the duty of the referee under it. It is not in the record. The appeal in this case is from the judgment only, and must be so treated. It is well settled that on appeal from the judgment, without a statement or bill of

exceptions, nothing is brought up or is a part of the record on appeal except the judgment roll, and no question outside of the judgment roll can be considered. If any further record is required, it must be made in the form of a statement or bill of exceptions. In the case of *Lowell* v. *Parkinson,* 4 Utah, 64, 6 Pac. Rep. 58, this court held that on an appeal from a judgment the court will not review the action of the trial court in making orders in the case prior to judgment, unless such orders be brought before the appellate court by a bill of exceptions or a statement of the case. Hayne, New Trials & App. § 229. We find no error in the record as presented by the judgment roll. The judgment of the court below is affirmed, with costs. ·

ANDERSON, J., and BLACKBURN, J., concurred.