# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# TERRITORY OF UTAH.

---

WILLIAM PEREGO, APPELLANT, *v.* WILLIAM H. DODGE AND OTHERS, RESPONDENTS.

JURY TRIAL.—QUIETING TITLE.—WAIVER.—*Semble* that where a party does not claim a trial by a jury, but goes to trial before the court, in an action to quiet title where only legal titles are involved in a suit to establish the right of possession to mining ground, and makes no objection on the ground that a jury trial was not had until the case has reached the appellate court, it will be presumed that a trial by jury was waived.

APPEAL.—RECORD.—NEW TRIAL.—NO BILL OF EXCEPTIONS.—Where a motion for new trial was made upon the minutes of the court, and an affidavit filed along with the notice of motion for new trial; and the said minutes of the court, and notice of intention, and affidavit upon motion were not embodied in any bill of exceptions, or statement of the case, *held* that neither the minutes, notice, nor affidavit were properly in the record or before the court for review.

PLEADING.—QUIETING TITLE.—RELIEF UPON ANSWER.—When the

iii

answer alleged grounds for affirmative relief to defendants in
a suit to quiet title to mining ground, but no counter-claim
or cross-complaint was filed, a judgment for affirmative relief
to defendants establishing and quieting their title to the
premises was not erroneous.

APPEAL from a judgment and from an order refusing a
new trial of the district court of the third district. Hon.
Charles S. Zane, judge. The opinion states the facts,
except the following:

The sections of the Code of Civil Procedure which are
applicable are as follows: Sec. 3227, 2 Comp. Laws, 1888.
The counter-claim must be one in favor of a defendant
and against a plaintiff, between whom a several judgment
might be had in the action, and arising out of one of the
following causes of action: 1. A cause of action arising
out of the transaction set forth in the complaint as the
foundation of the plaintiff's claim, or connected with the
subject of the action.

Section 3231, Id., as follows: Whenever the defendant
seeks affirmative relief against any party relating to or
depending upon the contract or transaction upon which
the action is brought, or affecting the property to which
the action relates, he may in addition to his answer, file
at the same time, or by permission of the court, subse-
quently, a cross-complaint. The cross-complaint must be
served upon the parties affected thereby, and such parties
may demur or answer thereto as to an original complaint.

*Mr. Gerald G. P. Jackson* and *Mr. J. Y. Marshall,* for
the appellant.

*Messrs. Bennett, Marshall and Bradley, Mr. Arthur
Brown* and *Mr. William H. Dickson,* for the respondents.

MINER, J. This action to quiet title is brought upon

an adverse claim filed by the plaintiff against the defendants, who had applied for a United States patent to mineral lands in Summit county, Utah, to which the plaintiff claims to have his possession and right of possession. The defendants deny the material allegations in the complaint, and claim to have the possession, ownership, and right of possession, thereto, and pray that defendants be adjudged to be the owners thereof, and entitled to the possession of the same, and for all general and proper relief, etc.

It appears from the abstract, as it is presented, that this cause came on for trial on May 6, 1891, before the court without a jury. The attorneys of the respective parties were present, and conducted the trial, which lasted several days. At the close of the trial, arguments of the respective counsel were made, and the case was finally submitted to the court without a jury, for its determination. The attorneys of both parties were present during the entire proceeding, and it does not appear that any demand for a jury trial was made, or that any objection or exception was made, at any time during the trial, against the right of the court to try the case without a jury. This objection is raised for the first time in this court. After the case was submitted, the court entered a decree in favor of the defendants, and against the plaintiff, quieting and confirming the title of the defendants to the land and claims in controversy, and adjudging the defendants to be the owners thereof, and entitled to the possession of the same. The plaintiff served his notice to set aside the findings, decision, and decree, and for a new trial, because of irregularity in the proceedings of the court by which plaintiff was prevented from having a jury trial, and because the court tried said cause without plaintiff having waived his right to a trial by jury. The motion was based upon the minutes of the court, and upon an affidavit filed, wherein affiant states that plaintiff did not, orally or in writing,

waive his right to a trial by jury. Upon an examination of this record we find there is no statement or bill of exceptions in this case. Yet the abstract contains plaintiff's notice of intention to move for a new trial, an affidavit upon which it was based, and minutes of the trial court. These papers do not form any part of the judgment roll, and are improperly in the record. So far as the motion for new trial was made on the minutes of the court, the order denying it could only be reviewed by embodying such minutes in the statement of the case. The affidavit upon which the motion seems to have been based was not identified by the court as having been used on the hearing, and it is not embodied in any statement or bill of exceptions. A notice of intention to move for a new trial is no part of the record on appeal, except when shown by a bill of exceptions or statement of the case. *Herrlich* v. *McDonald,* 80 Cal. 472, 22 Pac. Rep. 299; *People* v. *Smith,* 3 Utah, 425, 4 Pac. Rep. 242; *Lowell* v. *Parkinson,* 4 Utah, 64, 6 Pac. Rep. 58; *Bowring* v. *Bowring,* 4 Utah, 185, 7 Pac. Rep. 716; *Reever* v. *White,* 8 Utah 188, 30 Pac. Rep. 685; *Walsh* v. *Hutchins,* 60 Cal. 228; *Pico* v. *Cohn,* 78 Cal. 384, 20 Pac. Rep. 706; *Girdner* v. *Beswick,* 69 Cal. 112, 10 Pac. Rep. 278; section 3404, 2 Comp. Laws 1888; *Dominguez* v. *Mascotti,* 74 Cal. 269, 15 Pac. Rep. 773. These papers, being improperly in the record on appeal, should be disregarded by the court. Hayne, New Trials & App. § 265; *Graham* v. *Linehan,* 1 Idaho, 780. In *Reever* v. *White,* 8 Utah, 188, 30 Pac. Rep. 685, this court held that on appeal from the judgment, without a statement or bill of exceptions, nothing is brought up or is a part of the record on appeal except the judgment roll, and no question outside of the judgment roll could be considered; that, if any further record is sought to be used, it should be made and presented in the form of a statement or bill of exceptions. With this imperfect record before us, we

do not consider it necessary to discuss the question as to whether appellant was entitled to a jury trial under the circumstances shown. The question thus attempted to be presented, however, is fully discussed in *Kearney* v. *Case*, 12 Wall. 275; Hayne, New Trials & App. pp. 120, 121; *Hitchcock* v. *Caruthers*, 82 Cal. 523, 23 Pac. Rep. 48; *Hawes* v. *Clark*, 84 Cal. 272, 24 Pac. Rep. 116. These authorities support the position that by going to trial before the court without a jury, and without making any objection, the appellant waives his right to a trial by jury.

The appellant contends that the trial court erred in adjudging that the respondents were the owners of the premises in controversy, for the reason that respondents filed no counterclaim or cross complaint. We do not think this contention can be sustained. No objection was taken to the answer before judgment, and the respondents alleged facts which seem to entitle them to affirmative relief under section 2326, Rev. St. U. S.; *Wolverton* v. *Nichols*, 119 U. S. 485, 7 Sup. Ct. Rep. 289. It is not what a pleading is called which determines its character, but the facts which it sets up. Its character must be determined by the court. The relief granted seems to have been proper, under the facts stated and the prayer of the pleadings. *Gregory* v. *Bovier*, 77 Cal. 121, 19 Pac. Rep. 232; *Kitts* v. *Austin*, 83 Cal. 167, 23 Pac. Rep. 290; *Holmes* v. *Richet*, 56 Cal. 311; Rev. St. U. S. § 2326; *Wolverton* v. *Nichols*, 119 U. S. 485, 7 Sup. Ct. Rep. 289. We find no reversible error in the record. The judgment below is affirmed, with costs.

BARTCH, J., concurred.

BLACKBURN, J., dissented.