## MARIA RIOS, Plff.,

*v.*

## E. B. WILCOX, Dft.

San Juan, Law, No. 1057.

### DEMURRER TO CROSS COMPLAINT.

·Demurrer—Sufficiency Thereof—Jurisdictional Matters.

1. A demurrer setting forth that there is a misjoinder of causes of action in the complaint, and that it is indefinite and uncertain, must show in what respect there is a misjoinder and what parts are indefinite and uncertain, as a court will look ex mero motu only into jurisdictional matters.

Cross Complaint—Counterclaim.

2. Naming a pleading a cross complaint does not make it such, and the court will look into the real nature of the pleading. The distinction between a cross complaint and a counterclaim is not altogether clear, and where a cross complaint would oust the court of jurisdiction as to the difference between the amounts claimed, the defense should be by way of counterclaim.

Opinion filed February 21, 1917.

*Messrs. H. G. Molina* and *R. J. Van Deusen* for plaintiff.

*Mr. J. R. F. Savage* for defendant.

·HAMILTON, Judge, delivered the following opinion:

This suit was brought to recover $1,559.75 alleged to have been illegally retained by the defendant, an attorney. An an-

swer was filed July 5, 1916, substantially admitting the retention of the money, but setting up that it was on account of fees for services rendered the plaintiff. On the same day a cross complaint was filed by the defendant against the sole plaintiff, reciting to a large extent the same facts as the answer, but at the end praying judgment against the plaintiff for $1,641.89. A demurrer has now been filed to the cross complaint, setting up that all the matters therein are set forth in the complaint, and if they should be set forth independently they should be presented as a counterclaim, and not as a cross complaint; that the cross complaint improperly joins causes of action; and that it is indefinite and uncertain and sets out evidential facts which should be stricken therefrom.

1. As to the last two grounds of demurrer, they are themselves too uncertain to receive attention. They do not state in what respect there is improper joinder of causes of action, or what portions of the cross complaint are indefinite and uncertain, and should be stricken out. It is only jurisdictional matters which a court must look into ex mero motu. Insufficiency of pleading must be directly called to the attention of the court if any action is desired.

2. The rest of the demurrer raises the question whether the facts in the cross complaint should not rather be set out as a counterclaim in the answer itself. The defendant admits that the facts in the cross complaint are much the same as those in the answer, but justifies the separate pleading on the ground that a larger amount is claimed than in the original complaint; and so, if the defendant wishes to avail himself hereof, he must set up not merely a defense like a counterclaim, but a substantive pleading like a cross complaint.

The subject of cross complaint and counterclaim is not altogether clear. The Porto Rican rule upon the subject is found in §§ 110, 111, and 115 of the Porto Rican Code of Civil Procedure. These are substantially the same as §§ 437, 438, and 442 of the California Code of Civil Procedure, upon which there have been numerous decisions. The Porto Rican sections are as follows:—

Sec. 110.—"The answer of the defendant shall contain:

"1. A general or specific denial of the material allegations of the complaint controverted by the defendant.

"2. A statement of any new matter constituting a defense or counterclaim. . . ."

Sec. 111.—"The counterclaim mentioned in the last section must be one existing in favor of a defendant and against a plaintiff, between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"1. A cause of action arising out of the transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action arising upon contract, any other cause of action arising also upon contract and existing at the commencement of the action."

Sec. 115.—"Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross complaint. The cross complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto as to the original complaint."

Rios v. Wilcox.

Bouvier's Law Dict. says: "The difference between a counterclaim and a cross complaint is that in the former the defendant's cause of action is against the plaintiff; and the latter against a codefendant, or one not a party to the action." It is true that § 115 as to cross complaint is not restricted to affirmative relief against the plaintiff, as is the case with the counterclaim mentioned in §§ 110 and 111; but there may be cases in which the plaintiff will be included in the expression "any party" found in § 115. No case has been cited which holds that a counterclaim may be for a larger amount than the complaint, that is to say, in which there may be a judgment over in favor of the defendant; but, on the other hand, there is a distinction drawn in § 110 between a defense and a counterclaim, and § 111 seems to contemplate that there may be a several judgment against the plaintiff in the same action, and does not limit the amount.

Naming the pleading a cross complaint does not make it such. The court will look to the real nature of the pleading. Thompson v. Thompson, 52 Cal. 154, 157. A defense denominated a cross complaint may be treated as part of the answer. Meeker v. Dalton, 75 Cal. 154, 16 Pac. 764. And, on the other hand, affirmative relief may be given on a pleading called an answer which is in its nature a cross complaint. Gregory v. Bovier, 77 Cal. 121, 19 Pac. 232. The general rule would be that, if a plaintiff is nonsuited, the answer and counterclaim would also fail, because in a suit, as elsewhere, the stream cannot rise higher than its source; while, on the other hand, the nonsuit of a plaintiff does not operate to dismiss a cross complaint. In such case the issues raised by the cross complaint must be tried independently. Warner v. Darrow, 91 Cal. 309, 27 Pac. 737.

Rios v. Wilcox.

Applying these principles to the case at bar, it would seem that, if the plaintiff herein is nonsuited, there would be no trial of the cross complaint, because the defendant would have no cause of action which could be tried in this court. If the plaintiff has no right to the $1,559.75, it must be because the defendant was right in retaining it as his own; and to that extent, therefore, whatever claims there might be must be considered as compensated under § 113 of the Porto Rican Code of Civil Procedure, as follows: "When cross demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated, so far as they equal each other, and neither can be deprived of the benefit thereof by the assignment or death of the other."

The difference between the two claims would be smaller than the jurisdiction of this court.

This is not, therefore, such a case as calls for a cross complaint. That would be proper if the plaintiff claimed one thing and the defendant claimed a different thing, of course both "relating to or depending upon the contract or transaction upon which the suit is brought, or affecting the property to which the action relates." The cross complaint must be for something which the cross plaintiff has not in possession; for if he legally has it in possession he cannot sue for it. The rule might be different if the surplus exceeded $1,000, but, under the facts of this case, if the defendant is right his claim has already been paid down below jurisdiction of this court, and he could not seek affirmative relief, which could per se be an independent suit against the plaintiff. A cross complaint must, like a complaint,

state all the requisite facts sufficient to entitle a pleader to an affirmative relief. Coulthurst v. Coulthurst, 58 Cal. 239.

It is true that it is not a reversible error to permit a cross complaint improperly (Wilson v. Madison, 55 Cal. 5); but the court would prefer to exercise its discretion in the first instance, and not permit a cross complaint to be filed where the defense should be by way of counterclaim.

The demurrer to the counterclaim, therefore, is sustained. It is so ordered.