[No 7,465.—Department Two.]

## WILLIAM ERKINS *v.* HENRY N. AYER ET AL.

FORECLOSURE—ANSWER—CROSS-COMPLAINT—WAIVER OF SERVICE—PRAC-
TICE.—In an action of foreclosure against the mortgagor and another, the
latter filed an answer setting up a judgment lien against the mortgagor,
and the latter in open Court waived service thereof, and the judgment
directed that his claim should be paid out of the surplus funds arising
from the sale of the mortgaged premises.

*Held,* upon appeal by the mortgagor, that he treated the pleading as an an-
swer, and went to trial on the theory that it was such, and that it was
too late to say that it was a cross-complaint, and that, if it was conceded
that it was, the mortgagee waived service.

APPEAL from a judgment for the plaintiff and the defend-
ant Winegar in the Twentieth District Court, County of
Santa Clara, and from an order denying a motion for a new
trial in the Superior Court of the same county. BELDEN, J.

*W. C. Kennedy* and *Burt & Pfister,* for Appellant.

There was no service of the defendant Winegar's cross-
complaint on his co-defendant Ayer, as against whose home-
stead his, the said Winegar's, judgment was foreclosed.

When a cross-complaint is filed by one defendant asking
affirmative relief against a co-defendant, the co-defendant
must be brought into Court in answer to such a cross-com-
plaint in the same manner as if an independent action had
been commenced by the one against the other. (Code Civ.
Proc. § 442; *Hibernia S. & L. Society* v. *Fella et al.,* 54 Cal.
598.)

It is not in the power of an attorney representing a party
in one action to waive a service of the summons in another
action, which is not to be made on the attorney, but on his
client personally, otherwise than by an appearance in the
action. The same rule must be applied to cross-actions; and
the mere fact that an attorney appears for one defendant in
the original action, does not make him the attorney for such
defendant in a cross-action brought by a co-defendant against
him after he has appeared in the original action. In order to
become an attorney in such cross-action for the defendant
sued therein, and to waive the service necessary to give the

Court jurisdiction over the person of his client as to such cross-action, the attorney must take the same steps as would be needed if the action were an original instead of a cross-action. As to what these steps are and what constitutes an appearance on the part of a defendant, see Code Civ. Proc. §§ 406, 416, 1014.

*S. O. Houghton* and *John Reynolds*, for Respondent.

The service of the answer of Winegar on the defendant Ayer, was waived in open Court, both by Ayer and by his counsel; and they consented to proceed, then and there, with the trial of said cause; the attorney for said Ayer stating as a reason for such waiver, that the defendant Ayer had no interest in the matters set up in the answer of said Winegar, as the property would not produce on a sale thereof any more than sufficient to satisfy plaintiff's mortgage.

The trial was had, and proof made by Winegar as though an answer had been filed denying the allegations of his answer, and his judgment was fully proved.

That a party may waive the service of any pleading is incontestable. The statement on motion for a new trial shows that service was waived by Ayer, and this Court will not presume that the waiver was not made so as to bind the defendant who made it.

MORRISON, C. J.:

The plaintiff commenced a suit in the late District Court of the Twentieth Judicial District, for the foreclosure of a mortgage on certain real property situate in the County of Santa Clara, and made A. P. Winegar a party defendant therein, under the averment that he, Winegar, had some interest in, or lien upon, the mortgaged premises. The defendant Winegar appeared in the suit and filed his answer or cross-complaint (the true character of the pleading it is unnecessary for us to determine), in which he fully stated the nature of his lien, which was in the form of a judgment recovered by him against the defendant Ayer in the said District Court, and praying that the Court would order, adjudge, and decree, that the amount of his judgment be paid out of the surplus funds derived from the sale of the mortgaged

property, after plaintiff's claim was fully paid. The defendant Ayer, in his answer, simply denies that at the commencement of the suit, there was due the plaintiff from the defendant, " by virtue of the terms of the promissory note set forth in the complaint, the amount of money alleged to be owing and unpaid, or any part thereof. Wherefore he prays that no *personal* judgment be rendered against him."

The Court proceeded to hear and determine the case on the pleadings filed therein, and the final decree rendered in the case directs that the claim of the defendant Winegar shall be paid out of the surplus funds arising from the sale of the mortgaged premises. The decree was filed on the 10th day of September, 1879, and on the 11th day of February, 1880, the defendant Ayer filed an affidavit setting forth that the " cross-complaint" of the defendant Winegar had never been served upon him; " that on the 18th day of November, 1878, he made, executed, acknowledged, and recorded in the records of Santa Clara County, a good and valid declaration of homestead upon the premises affected by the decree," and averring that the portion of the decree directing the payment of the surplus proceeds resulting from the sale of the mortgaged premises, was taken against him by mistake, inadvertence, and excusable neglect. This affidavit was followed by a statement on motion for a new trial, from which it appears that " the defendant A. P. Winegar, by his attorneys Messrs. Houghton & Reynolds, filed his *answer*, and the attorney for plaintiff waived service thereof in open Court, and asked that the trial of the cause proceed. The attorney for the defendant H. N. Ayer, C. C. Stephens, Esq., thereupon in open Court waived the service of said ' answer,' and stated to the Court that his client had no interest in the matter set forth in said ' answer' of Winegar, for the reason that he did not believe that the property was worth as much as the Erkins' mortgage, and announced himself ready to proceed with the trial of the cause. Defendant Ayer's motion for a new trial was overruled by the Court, and this appeal is taken from that portion of the judgment and decree which directs that the surplus proceeds, after paying the amount due on the mortgage, be applied to the payment of the claim of defendant

Winegar, and also from the order made on the 8th day of
September, 1880, denying appellant's motion for a new trial."

The principal point, in fact the only one relied upon on
this appeal, is that the pleading filed by the defendant Wine-
gar was a cross-complaint, and that the defendant Ayer was
entitled to service of a copy thereof upon him. No such
claim was made on the trial of the case, but, on the contrary,
the pleading is called an answer in the statement on motion
for a new trial. The defendant Winegar, on the trial of the
cause, was allowed, without any objection from any party to
the cause, to introduce his evidence and make his proofs
under the pleading filed by him, and it was too late, after the
case had been fully heard, without objection, upon its merits,
and a decree entered therein, for any party to say that the
pleading was a cross-complaint and not an answer.

The Court say in the case of *McAbee* v. *Randall*, 41 Cal.
136: "It appears that the parties went to trial in the Court
below without objection made upon the part of either to the
proceedings of the other, as not permitting that other to be
heard on the merits. The defendant's answer was there styled
by himself a 'counterclaim,' and not a 'cross-complaint,'
which he now says it is; and the trial proceeded on that idea.
Under repeated rulings in this Court, we will not hear the
defendant assert here, for the first time, that he made a mis-
take in this respect—that his answer was, after all, a 'cross-
complaint;' that its allegations were not denied by plaintiff,
and that, as a consequence, he is now entitled to judgment
over against the plaintiff on the pleadings." (See also *White*
v. *San Rafael and San Quentin R. R. Co.*, 50 Cal. 417.)

The above case is not precisely like the case now under
consideration, because in this case the point was made on mo-
tion for a new trial, that the pleading was a cross-complaint,
and not an answer. But the above case is, in principle, an
authority in the present case. The defendant Ayer treated
the pleading as an answer, and went to trial on the theory
that it was an answer. The evidence was fully heard, and
the case determined upon its merits. It was too late, and the
question could not be raised for the first time, on defendant's
motion for a new trial. But if this were not so, conceding,
for the purposes of this argument, that the pleading was a

cross-complaint, and that Ayer was, as a matter of strict right, entitled to have a copy thereof served upon him, that right was clearly and unequivocally waived. The uncontradicted evidence in the case shows that an offer of service was made, and service was waived in open Court. There can be no doubt that such waiver was binding upon the defendant Ayer, and to hold otherwise would be giving him an unfair advantage. (*Robinson* v. *Bidwell*, 22 Cal. 388.)

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.