[No. 11066. In Bank. — February 20, 1888.]

A. C. MEEKER, APPELLANT, *v.* S. L. DALTON, RESPONDENT.

PLEADING — EJECTMENT — DEFENSE DENOMINATED AS CROSS-COMPLAINT. — In an action of ejectment, the answer denied all the allegations of the complaint, alleged title and right of possession in the defendant, and then, "further answering said complaint, and by way of cross-complaint," alleged certain facts showing an equitable defense. *Held*, that the equitable defense alleged might be treated as part of the answer, and not as a cross-complaint.

ID. — EQUITABLE TITLE A DEFENSE IN EJECTMENT. — A person having the equitable title to land, coupled with the right of possession, may set up such title as a defense in an action of ejectment brought against him by the holder of the legal title.

ID. — MISTAKE IN DEED — EXCLUSION OF LAND INTENDED TO BE CONVEYED — REFORMATION. — Where land intended to be conveyed is by mistake omitted from the description contained in the deed, the grantee acquires the equitable title thereto, and may set up the same as a defense in an action of ejectment brought against him by a subsequent purchaser of the legal title with notice of his equity, without asking for a reformation of the deed.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion.

*J. C. Byers,* and *L. W. Elliott,* for Appellant.

*Stanton L. Carter,* for Respondent.

BELCHER, C. C.—The action is ejectment to recover possession of a lot of land in the town of Lodi. The complaint is in the form usual in such actions. The answer denies all the allegations of the complaint, and alleges that defendant is the owner of the land sued for and entitled to the possession thereof, and has been such owner and so entitled to possession since the first day of December, 1881, and then, "further answering said complaint, and by way of cross-complaint," alleges certain facts which show an equitable defense. The plaintiff demurred to all that part of the "answer called a cross-complaint, upon the ground that the same does not state facts sufficient to constitute a defense to said action," and his demurrer was overruled. The case was tried before a jury upon special issues, and answers were returned to all the questions submitted. The court adopted the findings of the jury, and made certain other findings, and among others, that, while the plaintiff had the legal title to the property sued for, he was not entitled to recover the possession thereof, but defendant was entitled to maintain his possession.

Judgment was thereupon entered that defendant recover from plaintiff his costs of suit; and from that judg-

ment the plaintiff appealed, the case coming here on the judgment roll.

It is objected for appellant that that part of defendant's pleading which follows the words "by way of cross-complaint" must be treated as only a cross-complaint, seeking affirmative relief, and cannot be used as an answer; that as a cross-complaint or as a defense, it is insufficient, because it contains no allegation that defendant did not buy the land for less than its true value on account of the situation, or that he paid anything for it, or that he was imposed upon as to what he was buying; that the part of the pleading which precedes the words quoted is insufficient, because it contains no averments showing an equitable defense,—and in short, that each part of the pleading must be treated as separate and distinct from the other, and must stand or fall on its own merits.

It is also further objected that the findings are contradictory and inconsistent.

We do not think these objections can be maintained. The so-called cross-complaint is preceded by the words "further answering said complaint." The plaintiff demurred to it on the ground that it did not state facts sufficient to constitute a *defense*. And at the trial it appears to have been treated as a part of the answer. Having been so treated there, it is too late to raise the question here. (*Erkins* v. *Ayer*, 58 Cal. 313.) We think the words "and by way of cross-complaint" may be treated as surplusage, and disregarded. "It is immaterial what the defendant called his pleading, whether he designated it an answer or cross-complaint, its character will be determined by the court. It is the facts set up in the pleading which make it an answer or cross-complaint." (*Holmes* v. *Richet*, 56 Cal. 311; 38 Am. Rep. 54.) Taken as a whole, the pleading seems to us sufficient, certainly when tested by a general demurrer.

We have carefully examined the findings, and are

unable to see wherein they are contradictory or inconsistent.

The material facts, as shown by the findings, are as follows: Plaintiff was agent for the owner of certain lands in the town of Lodi, and was authorized to sell the same and receive payment therefor. Acting as such agent, plaintiff, on the 1st of January, 1881, sold to one George Ringer the lot in controversy, with other adjacent land, and received from him the full purchase price agreed upon for all the land sold. On the eighteenth day of the same month plaintiff delivered to Ringer a deed, duly executed by the owner of the land, and both plaintiff and Ringer then supposed that the lot in controversy was included in the premises conveyed thereby. Ringer entered into possession of the property so bought by him, enclosed it all with a fence, and placed valuable improvements upon the lot in question. He remained in possession until the 1st of December, 1881, when he sold to the defendant. The defendant purchased in good faith, and paid a valuable consideration for the property, believing that Ringer had the legal title to the premises so inclosed and improved by him. He entered into possession, erected improvements, and has remained in possession ever since. By some mistake, the lot in controversy was not included in the deed to Ringer, nor in that from Ringer to the defendant. Plaintiff discovered this mistake, and in the month of November, 1882, procured a deed of the lot from the former owner to himself, knowing at the time that as agent for the former owner he had sold the lot to Ringer and received full value therefor.

Assuming, then, as we must, that the evidence was sufficient to justify the findings, it is apparent that when Ringer purchased, and went into possession of the lot in controversy, he became the equitable owner of it; and when he sold to the defendant, the latter succeeded to all his rights. It is also apparent that when the plaintiff

received his deed to the lot, he took only such right as his grantor had, and that was the naked legal title.

The defendant then having the equitable title, coupled with possession, the question is, Could he set up that title as a defense to an action of ejectment brought against him by the holder of the legal title?

In New York it has been held that in an action of ejectment defendant can set up as a defense that the land in question was intended to be conveyed to him by a deed from plaintiff, but by a mistake in the description was not included. A reformation of the deed is not necessary, but the same facts which will entitle defendant thereto will establish his equitable right to possession, and constitute a defense as effectual as the legal title. (*Hoppough* v. *Struble*, 60 N. Y. 430.) The same rule obtains in this state.

In *Arguello* v. *Bours*, 67 Cal. 450, it is said: "That, under our system of practice, a defendant may plead, as a defense to 'ejectment,' that he is in possession under a contract of purchase, the conditions whereof have been fully performed on his part; in other words, that he is in possession under a contract which gave him the right of possession, and that he is entitled to retain the possession as against the bare, naked title of his vendor, which the vendor holds disconnected from any real interest. A perfect equity united to the possession is, under our system, equivalent for all purposes of defense to a legal title. (*Morrison* v. *Wilson*, 13 Cal. 494; 73 Am. Dec. 593.) A vendee in possession under an executory contract, the conditions of which have been performed on his part, may avail himself of his equitable title as a defense to an action of ejectment brought against him by the holder of the legal title. (*Love* v. *Watkins*, 40 Cal. 547; 6 Am. Rep. 624.) A mere equitable title to land, if of such a character as in equity entitles the holder to the possession, is a sufficient defense to an action for the

possession brought by the holder of the legal title. (*Willis* v. *Wozencraft*, 22 Cal. 608.)"

We consider the foregoing cases decisive of the case in hand, and the judgment should therefore be affirmed.

HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, the judgment is affirmed.