[No. 18150.    Department Two. — October 18, 1893.]

H. C. MILLS ET AL., RESPONDENTS, v. GEORGE FLETCHER ET AL., APPELLANTS.

MINING CLAIMS—EJECTMENT—EVIDENCE—OUTSTANDING TITLE.—In an action of ejectment to recover the possession of quartz-mining claims, where the answer avers that the premises described in plaintiffs' complaint are public mineral lands of the United States, and the evidence shows that no part of the land in dispute was within section 35 of the government survey, an offer in evidence by the defendants of a patent from the government to the Central Pacific Railroad Company for the whole of section 35, upon which one-third of plaintiffs' claims were located, for the purpose of showing an outstanding title thereto, is not relevant to any material issue, and the defendants could not be injured by its exclusion.

ID.—ANNUAL EXPENDITURES—WRONGFUL ENTRY.—Mining claimants who have made the annual expenditures required by the law of Congress for one year are entitled to the whole of the next succeeding year in which to make the annual expenditures for that year, and adverse claimants cannot lawfully enter upon the claim during such year, and make a valid location of the claim.

ID.—NEW L'CATION AFTER WRONGFUL ENTRY—PREVENTION OF ANNUAL WORK.—Where adverse claimants wrongfully entered upon the claims of plaintiffs, and took possession of plaintiffs' tunnel, posted and recorded a notice of location, and extracted rock and earth under a claim hostile to plaintiffs' title, and thereafter kept exclusive possession of the claim, the plaintiffs are entitled to recover possession of the claim, regardless of a new location made by the defendants or their grantors after the expiration of the year in which the unlawful entry was made upon the claim, and regardless of the failure of plaintiffs to do annual work thereafter which was prevented by the hostile possession and acts of the defendants.

ID.—PLEADING—ANSWER—CROSS-COMPLAINT—QUIETING TITLE.—In an action of ejectment, a cross-complaint to quiet the title of the defendants is unnecessary, and matter of defendants' title constituting a defense should not be pleaded as a cross-complaint; and any attempt to make allegations by way of a cross-complaint to quiet title constitutes a mere answer to plaintiffs' complaint. The character of the pleading is to be determined by the court regardless of what the defendants call their pleading.

ID.—CONCLUSIVENESS OF VERDICT—LEGAL DEFENSE—AMOUNT OF DAMAGES. A cross-complaint to quiet title in an action of ejectment presents only a legal, and not an equitable, defense, and the verdict of the jury in such action as to the amount of the damages suffered by the plaintiffs is not advisory but conclusive, except as against the power of the court to grant a new trial. The court cannot disregard the verdict, and make findings inconsistent therewith as to the amount of the damages.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion,

*P. F. Simonds,* and *Kitts & Bowman,* for Appellants.

Defendants had the right to show an outstanding title in a third person. (*Reynolds* v. *Iron Silver Min. Co.,* 116 U. S. 687; *McGrath* v. *Wallace,* 85 Cal, 622.) Plaintiffs could not be excused from doing the necessary annual assessment work. (*Morgan* v. *Tillottson,* 73 Cal. 520; *Russell* v. *Brosseau,* 65 Cal. 605; U. S. Rev. Stats., sec. 2324; *Jackson* v. *Roby,* 109 U. S. 442.) De-

fendants were entitled to a trial by jury upon all the issues, and the finding of the jury was conclusive. (*Weber* v. *Marshall*, 19 Cal. 447; *Donahue* v. *Meister*, 88 Cal. 121; 22 Am. St. Rep. 283; *Taylor* v. *Ford*, 92 Cal. 419; *Bessie* v. *Earle*, 4 Cal. 201; *Hughes* v. *Dunlap*, 91 Cal. 385.)

*J. M. Walling*, for Respondents.

The rule of damages adopted by the court was correct. (*Benson Min. & S. Co.* v. *Alta Min. C. S. Co.*, 145 U. S. 428; *Maye* v. *Tappan*, 23 Cal. 306.) The court could enter the proper judgment without waiting for a motion for a new trial. (*Pierce* v. *Schaden*, 62 Cal. 283; *Clanton* v. *Coward*, 67 Cal. 373; Code Civ. Proc., sec. 625; *Allen* v. *Hill*, 16 Cal. 113; *Obersteller* v. *Commercial Assur. Co.*, 96 Cal. 645.) Defendants could not take advantage of their own wrong, so as to require plaintiffs to do assessment work which they prevented the plaintiffs from doing. Instructions for the jury in an equity case, even when erroneous, are not ground for reversal. (*Schneider* v. *Brown*, 85 Cal. 205; *Hewlett* v. *Pilcher*, 85 Cal. 542.)

VANCLIEF, C.—Action of ejectment to recover the possession of two adjoining quartz lode mining claims, situate on the public mineral land of the United States, known as the "Hathaway Claim" and the "Peck Claim," each being particularly described in the complaint by metes and bounds; and also to recover three thousand dollars damages for the severance and removal from said claims of gold-bearing rock. The complaint was not verified.

By their answer the defendants deny generally each and every allegation in said complaint contained.

"Aver that the premises described in plaintiffs' complaint are public mineral lands of the United States, and that plaintiffs have not done any work, or performed any labor, or made any improvements thereon since December 31, 1889."

And also aver that the cost of mining and milling the

gold-bearing rock mentioned in the complaint largely exceeded the value of said rock and the gold and other minerals extracted therefrom.

Then, "by way of cross-complaint," the defendants aver that they own and possess certain premises known as the "Consolidated Quartz Mining Claim," containing forty-thirty-sevenths acres, and describe it by metes and bounds. Then further aver that plaintiffs claim an interest therein adversely to defendants without right, and also that their said "Consolidated Quartz Mining Claim" includes within its boundaries a portion of the premises described in plaintiffs' complaint, but that the boundaries and extent of said portion so included cannot be determined by defendants from said complaint, or by any other means.

The prayer of the so-called cross-complaint is that defendants may be adjudged to be the owners of the premises described in their cross-complaint, and that their title thereto may be quieted as against the plaintiffs.

The cross-complaint not being verified the plaintiffs answered it by a general denial and by a repetition of all the affirmative averments of their complaint; and also disclaimed any interest in the premises described in said cross-complaint, except such portions thereof as were within the exterior boundary lines of the claims described in their complaint.

The cause was tried by a jury on special issues besides the general issue. The jury found for the plaintiffs on all the special issues and also returned a general verdict for plaintiffs.

The special issue as to damages was submitted to the jury in the following language: "Question No. 16. How many dollars damages are plaintiffs entitled to recover, if entitled to recover damages at all?" The answer to this was: "One dollar."

In addition to the special and general verdict of the jury the court made special findings, all in harmony with the verdict of the jury, unless the following is inconsistent therewith.

C. CAL.—10

The court found that defendants took from plaintiffs' claim one hundred and sixty-two and one-half tons of gold-bearing quartz rock. "After said rock had been severed from the realty said defendants converted the same to their own use, and received as proceeds from the working thereof the sum of one thousand nine hundred and twenty-two dollars and seventy-one cents. That they expended in and about said rock, after the same had been taken from the ledge in plaintiffs' claim, as necessary expenses in reducing said rock and extracting the gold therefrom, the sum of eight hundred and seven dollars and twenty-five cents. That in extracting and reducing said rock defendants expended the sum of two thousand seven hundred and fifty dollars."

As conclusions of law the court found that plaintiffs were entitled to recover the ground in dispute, and also to recover from the defendants, Skewes and Fletcher, damages in the sum of one thousand and fifteen dollars and forty-six cents, and rendered judgment accordingly.

The defendants bring this appeal from the judgment on the judgment-roll containing their bill of exceptions.

1. About one-third part of plaintiffs' claim is within section 35 of the government survey, and two-thirds thereof are in section 34.

For the purpose of showing an outstanding title the defendants offered in evidence a patent from the government to the Central Pacific Railroad Company for section 35, which was excluded by the court, and this action of the court is assigned as error by appellants.

In the first place, it appears that defendants put in evidence "a map of the premises; which map, it was admitted, correctly delineated the Peck, Hathaway, Standard, and Consolidated locations, and the conflict between them." This map shows that no part of the land in dispute is within section 35. In the second place, it is averred in the answer of the defendants that "the premises described in plaintiffs' complaint are public mineral lands of the United States"; and the answer of plaintiffs to the so-called cross-complaint is to

the same effect. It follows, at least, that the offered patent was irrelevant to any material issue, and that defendants could not have been injured by its exclusion.

2. It is contended that the court erred in giving each of the following instructions to the jury:

"If you find from the evidence that defendants or their grantors unlawfully entered upon the claims of plaintiffs in the year 1890, and took possession of plaintiffs' tunnel, posted a notice of location upon said claim, recorded said notice of location, and extracted rock and earth therefrom, against the consent of plaintiffs, and under a claim hostile to plaintiffs' title; that thereafter defendants and their grantors kept exclusive possession of said claims until the commencement of this action; then plaintiffs are entitled to recover possession of the premises in controversy, regardless of whether defendants or their grantors made a new location of said premises in 1891.

" Defendants could not go wrongfully, if you find that they did so, upon plaintiffs' claim in 1890, take possession thereof, and while thus wrongfully holding such possession make a new location of said claims under the claim that the plaintiffs had not made the annual expenditure for 1890.

" Plaintiffs were entitled to the whole of the year 1890 in which to make the annual expenditure for that year, provided plaintiffs had made the annual expenditure for 1889, or had resumed work upon said claims in 1890, and prior to the entry of the defendants or their grantors."

"The jury is instructed that on each mining claim located after the tenth day of May, 1872, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year, unless such labor is excused by reason of some act of the defendants excusing the performance of such work sufficient for that purpose."

As applied to the evidence, I think these instructions

substantially correct. It is admitted that plaintiffs did the required annual labor on their claims prior to January 1, 1890. If the facts hypothetically stated in these instructions are true, the defendants should not be heard to object that plaintiffs did not do the annual labor required by law during the year 1890, or any subsequent year while they remained in adverse possession, and occupied the only tunnel that was open to the lode, and through which plaintiffs intended to work. Conceding that plaintiffs might have been permitted by defendants to do work on the surface of their claims, there is no evidence that such work, or any work outside of the tunnel occupied by defendants, would have tended to improve or develop their claims, or could have been done to any advantage whatever; and if not, such work would not have answered the purpose of the law requiring annual labor. But there is no evidence that defendants would have permitted, even, useless work on the surface.

3. It is contended for appellants that the verdict of the jury as to the amount of the damages is conclusive, and not merely advisory, except as against the power of the court to grant a new trial, and I think this point should be sustained.

The facts stated in the so-called cross-complaint constitute a mere answer, and not a cross-complaint. So far as material they are: That defendants are the owners of, in the possession of, and entitled to the possession of, the demanded premises. The averment that plaintiffs claim an interest in the premises adversely to defendants is unnecessary, since that fact is even more explicitly averred in plaintiffs' complaint, and is put in issue by the general denial in the answer; and the averment that plaintiffs' claim is without right is also included in the general denial of all the allegations of the complaint. It is immaterial what the defendants called their pleading. Its character is to be determined by the court. (*Holmes* v. *Richet,* 56 Cal. 307; 38 Am. Rep. 54; *Meeker* v. *Dalton,* 75 Cal. 156.)

The action is an action at law, and the defense is only a legal defense. A verdict and judgment upon the issues raised and tendered by the answer would quiet the title of the prevailing party as effectually as would any form of judgment asked for in the prayer appended to the so-called cross-complaint. It has several times been decided that in actions of ejectment and actions to quiet title, in which the defendant relies upon title in himself, a cross-complaint is unnecessary. (*Wilson* v. *Madison*, 55 Cal. 5; *Doyle* v. *Franklin*, 40 Cal. 107; *Miller* v. *Luco*, 80 Cal. 261; *Meeker* v. *Dalton*, 75 Cal. 156.) Matter constituting a complete defense should not be pleaded as a cross-complaint. (*Hills* v. *Sherwood*, 48 Cal. 386; *Jones* v. *Jones*, 38 Cal. 585; *Germania B. & L. Assn.* v. *Wagner*, 61 Cal. 349.) The defendants in this action being in possession needed no affirmative relief. A general verdict and judgment thereon in their favor would have been conclusive evidence of their title as against the plaintiffs, and of their right to the possession which they already had.

If the foregoing views, as to the legal nature of the action and defense, are correct, it follows that the court erred in giving judgment for damages in a sum exceeding one dollar. The court should not have disregarded the verdict of the jury, except by ordering a new trial upon the conditions and in the mode prescribed by the Code of Civil Procedure.

I think the judgment should be affirmed, except in respect to the damages, in which respect it should be modified by reducing the amount of damages to one dollar.

TEMPLE, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed, except in respect to the damages, in which respect it is modified by reducing the amount of the damages to one dollar, each of the parties to pay their own costs of appeal.

McFARLAND, J., DE HAVEN, J., FIZGERALD, J.