## UTAH-NEVADA CO. v. DE LAMAR.

(Circuit Court of Appeals, Ninth Circuit.  May 14, 1906.)

### No. 1,267.

REMOVAL OF CAUSES—RECASTING PLEADINGS—DIVISION OF CAUSE—EFFECT.

On the removal of a cause to obtain both equitable and legal relief, complainant filed amended pleadings, as required by Circuit Court rule 19, splitting the cause into two, one an action at law, and the other a suit in equity, after which it was held in the law action that the cause was improperly removed. *Held*, that the bill in equity so filed did not constitute the commencement of a separate and distinct suit, and hence on the reversal of a decree therein the suit should be remanded to the state court.

Appeal from the Circuit Court of the United States for the Northern District of California.

Houx & Barrett, James G. Maguire, W. H. Metson, and J. T. Houx, for appellant.

Alfred Sutro, for appellee.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. The decree appealed from dismissed the cause "for failure on complainant's part to comply with the sixty-ninth equity rule in the matter of taking testimony," and awarded the defendant to the suit costs against the complainant, taxed at $59.90.

Counsel for the respective parties are agreed that the judgment must be reversed, but disagree as to what the provisions of the judg-

ment of reversal should be; the appellant claiming that the judgment appealed from should be reversed with directions to the court below to remand the cause to the state court, and the appellee contending that it should be reversed with directions "to permit the parties to amend the pleadings, if so advised, so as to show the requisite diversity of citizenship between the, assignor of the appellant and the appellee." The legal side of the cause was before this court at the October Term, 1904, when we held that the Circuit Court was without jurisdiction, for the reason that the action was based on an assigned contract, and it did not appear that the assignor of the chose in action and the defendant thereto, the appellee in that case, as in this, had the requisite diverse citizenship. Utah-Nevada Company v. De Lamar, 133 Fed. 113, 66 C. C. A. 179.

Objection is taken by the appellee to those portions of the printed record which embrace: (1) The original complaint filed by the Utah-Nevada Company against De Lamar in the superior court of the city and county of San Francisco, state of California, on the 12th day of February, 1903; (2) petition of the defendant thereto for the removal of that cause from that court to the court below; (3) the order of the state court transferring the cause to the court below; (4) the notice of a motion made by the plaintiff in the case to remand the cause to the state court; (5) the order of the court below denying the motion to remand; and (6) the notice of a motion made by the defendant to the suit that the plaintiff replead in the Circuit Court.

The appellee also requested the insertion into the printed record herein of: (1) The answer of the defendant to the bill of complaint filed by the plaintiff in the court below; (2) the enrollment; (3) præcipe for transcript on appeal; and (4) certificate of the clerk to the record on appeal herein.

We think the objections made by the appellee to the record are not well taken. The suit was commenced in one of the superior courts of the state of California, in which state legal and equitable grounds of action may be and are joined in one complaint. The defendant to the suit moved the state court for an order removing the cause to the United States Circuit Court, which order was made, and, upon the transfer of the cause to the court below, the plaintiff therein moved the Circuit Court to remand the cause to the state court, which motion the court below denied, and, in view of the rule prevailing in the federal courts requiring legal and equitable grounds of action to be separately proceeded upon, ordered that the plaintiff recast its pleadings therein, which was done; the complaint on the law side of the court being numbered in the court files 13,220, and being that branch of the cause disposed of by this court in its opinion and judgment rendered October 3, 1904, and reported in 133 Fed. 113, 66 C. C. A. 179, and the bill presenting the plaintiff's alleged equities being numbered in the files of the court 13,220A, and being that disposed of by the judgment from which the present appeal is brought.

It is manifest that neither the enrollment, præcipe for transcript on appeal, nor the certificate of the clerk to the record on appeal, could, if they had undertaken to do so, make of the filing of such a bill, under

such circumstances, the original commencement of the suit; but an inspection of those papers fails to show that either of them undertook to do anything of the sort.

It is, we think, also perfectly clear that the recasting of the pleadings in the court below by reason of the rule prevailing in the federal courts, to the effect that legal and equitable remedies must be separately sought, was but a continuation in the federal court of the case originally brought in the state court, and by it transferred to the federal court, and constituted parts and parcels of the same cause of action; and such are the provisions of rule 19 of the rules of practice in the Circuit Court, that rule being as follows:

"Rule 19. Amendment on Removal Proceedings. If the complaint in a cause removed from a state court combine causes of action for both legal and equitable relief, the plaintiff may, without any order of court, within ten days from the filing of the transcript, if filed by him, or if filed by any other party, within ten days after notice of such filing, or within ten days after the decision upon a motion to remand, if a motion to remand be made and denied, serve upon the opposite party and file with the clerk separate amended complaints, one on the law side of the court for the legal relief, and the other on the equity side of the court for the equitable relief, or may, at his option, without any order of court, serve upon the opposite party and file with the clerk, an amended complaint eliminating from the cause either the legal or the equitable part thereof as he may elect. It shall be the duty of the plaintiff in the cases above mentioned to take one or the other of the courses above pointed out, within the times above provided; and the time of the opposite party to appear or plead or take any other step in the cause shall not commence to run until the amendment is made as above specified; and if such amendment be not so made the cause may on motion of any adverse party, on due notice, be dismissed for want of prosecution.

"The plaintiff in any cause removed from a state court may in all cases amend his complaint, as of course, and without any order therefor. in any other respect, within the times above specified. Any amended complaint served and filed as above provided shall be deemed and treated as a continuation of the suit removed from the state court."

The circumstance that the bill filed by the plaintiff on the equity side of the court is not in terms declared to be an amended complaint is unimportant, for a pleading is not what it is called, but what it really is. Its character is to be determined by the court. Mills v. Fletcher, 100 Cal. 148, 34 Pac. 637. This bill, however, does expressly state upon its face that the cause is one "removed from the superior court in and for the city and county of San Francisco, state of California, on petition of defendant," and in its introductory part expressly states that the complainant is "continuing to object to the jurisdiction of said Circuit Court." In other words, it was not there as an original complainant, but under compulsion. continuing its objections to the jurisdiction of the federal court, and filing the bill only in accordance with the rule prevailing in that court.

None of the cases cited by the appellee sustains his contention that such repleading in the federal court is a commencement of a separate and distinct suit from the cause removed from the state court.

It results from what has been said that the judgment must be reversed, and cause remanded to the court below, with directions to remand the cause to the state court from whence it came.