### AMES v. SULLIVAN.

(Circuit Court of Appeals, Ninth Circuit.   September 5, 1916.)

No. 2682.

1. APPEAL AND ERROR ⬤⟞1050(1)—REVIEW—HARMLESS ERROR.

In ejectment for a mining claim, where defendant contended that plaintiff's rights were lost by failure to do the assessment work, but admitted that he had threatened and driven off one sent to do the assessment work on the claim, the improper admission of a letter written by such person to plaintiff's predecessor in title, reciting such facts, was not prejudicial, though its statement of the threats was slightly different from that of defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153, 4157; Dec. Dig. ⬤⟞1050(1).]

2. PLEADING ⬤⟞261—AMENDMENT—DISCRETION OF COURT.

It is within the discretion of the trial court to permit an answer after the conclusion of the testimony to set up additional defenses to meet the evidence.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 794–800; Dec. Dig. ⬤⟞261.]

⬤⟞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. APPEAL AND ERROR ⟷959(4)—AMENDMENT—DISCRETION OF COURT.
    The discretion of the trial court in ruling upon a proposed amendment to the answer to set up additional defenses after conclusion of the testimony is subject to review in case of abuse.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3831; Dec. Dig. ⟷959(4).]

4. MINES AND MINERALS ⟷23(5)—ASSESSMENT WORK—FAILURE TO PERFORM.
    Where defendant prevented plaintiff's predecessor in title from performing the assessment work on a mine for a year, driving away laborers and threatening them, defendant, whose claim overlapped that of plaintiff, cannot base any rights on the failure of plaintiff and his predecessors to perform the assessment work, particularly where there was no showing that there was any part of plaintiff's claim outside the overlap on which assessment work might have been beneficially performed.

    [Ed. Note.—For other cases, see Mines and Minerals, Cent. Dig. § 57; Dec. Dig. ⟷23(5).]

In Error to the District Court of the United States for the Second Division of the District of Alaska; J. R. Tucker, Judge.

Ejectment by Jerry Sullivan against H. C. Ames. There was a judgment for plaintiff, and defendant brings error. Affirmed.

George B. Grigsby, of Nome, Alaska, and Thomas R. Lyons and Ira D. Orton, both of Seattle, Wash., for plaintiff in error.

T. M. Reed and O. D. Cochran, both of Nome, Alaska, and Thomas R. White, of San Francisco, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. In an action of ejectment the plaintiff alleged that he was the owner of mining claim No. 32 above Allen's Discovery on Kougarok river, Alaska, by virtue of a location made in January, 1902, and that in February, 1912, the defendant wrongfully ousted him. The defendant alleged that he was in the possession of a mining claim known as the Kshunti Fraction, which had been located on July 25, 1903, and that, if the plaintiff's mining claim overlaps the said Kshunti Fraction in whole or in part, the overlap is junior in time and inferior in right to the defendant's title, and the defendant disclaimed any right to any portion of the premises described in the complaint except that which may be found to overlap the Kshunti Fraction. The jury found for the plaintiff, and judgment was entered in his favor for the possession of the claim described in the complaint. To review that judgment the defendant brings this writ of error.

[1] It is contended that the trial court erred in admitting in evidence a letter written in 1912 by one Johnson to Windquist, the plaintiff's predecessor in interest. The letter stated that the writer had been on claim 32 and had done some work, but that he had left because the defendant threatened him with violence, and he did not wish to be "pounded to death," and that the defendant had said that he would "win that claim if he had to kill a number of persons." It is said that the letter was hearsay and incompetent. One of the questions raised by the evidence was whether or not the plaintiff

had done the necessary assessment work on claim 32 for the year 1912. Johnson testified that he went to do the assessment work on the claim in that year, and that the defendant claimed to be in possession and told him to get off the claim "if he wanted to keep out of trouble," and that the defendant twice tried to hit him. The defendant did not deny that he put Johnson off the claim. On the contrary, he testified that he drove him off; but he denied that he said he would "have the claim if he had to kill everybody in Kougarok." We do not think that the letter added any substantial evidence to the facts testified to by the defendant and by the plaintiff's witness Johnson. The defendant did not deny that his attitude was hostile, nor that he attempted twice to strike Johnson, nor that he used the precise words which Johnson attributed to him in the letter. Such being the case, there was no prejudice to the defendant in admitting the letter in evidence.

[2-4] It is assigned as error that the court below overruled the defendant's motion, made at the close of the testimony, for leave to file an amended and supplemental answer setting up the forfeiture of claim No. 32 for failure of the owner to do assessment work thereon in 1911 and 1912; the failure for 1912 being an alleged fact that occurred after the commencement of the action. It is within the discretion of a trial court to permit an answer after the conclusion of the testimony to set up additional defenses to meet the evidence. Ebner Gold Mining Co. v. Alaska-Juneau Gold Mining Co., 210 Fed. 599, 127 C. C. A. 235. And the discretion of the trial court in ruling on such proposed amendments is subject to review in proper cases of its abuse. Cœur d'Alene Lumber Co. v. Thompson, 215 Fed. 8, 131 C. C. A. 316, L. R. A. 1915A, 731. There was no proof, however, of the plaintiff's failure to do the assessment work in 1911, and the failure to do that work for 1912 was shown to have been the result of the defendant's own hostile opposition. He could not by forcibly preventing the performance of the assessment work initiate rights to defeat those of the rightful owner. Erhardt v. Boaro, 113 U. S. 527, 5 Sup. Ct. 560, 28 L. Ed. 1113. The defendant contends that a place to do the work might have been found on some portion of the plaintiff's claim that was not within the overlap of the Kshunti Fraction. But there is no evidence that there was such a place where labor could have been done for the benefit of the improvement or development of the claim. Mills v. Fletcher, 100 Cal. 142, 34 Pac. 637. Under the evidence adduced, and the facts as they were shown at the close of the testimony, we are of the opinion that the trial court did not abuse discretion in denying the motion.

The judgment is affirmed.