[L. A. No. 6846. In Bank.—August 14, 1922.]

PICKWICK STAGES, NORTHERN DIVISION (a Corporation), Appellant, v. THE BOARD OF TRUSTEES OF THE CITY OF EL PASO DE ROBLES et al., Defendants; J. E. PRICE, Respondent.

[1] PLEADING—INJUNCTION—DAMAGES—RIVAL CLAIMS TO STAGE ROUTE —COUNTERCLAIM.—In an action by a corporation having a franchise to operate a public stage line running through certain cities to enjoin interference with the operation of its stages and to recover damages for the injury suffered from the publication of defendants' threats and purposes, a pleading by one of the defendants alleging interference by the plaintiff with such defendants' authorized operation of a stage line between such intermediate cities and seeking damages therefor, is a counterclaim and not a cross-complaint, regardless of the fact that it is denominated as the latter, and it is error to enter the default of the plaintiff for the failure to answer the same.

[2] ID.—CHARACTER OF PLEADING—DETERMINATION FROM ALLEGATIONS. The question whether a pleading is a cross-complaint or counterclaim must be determined by the court from its allegations, and not from the designation given to it by the pleader.

189 Cal.—27

APPEAL from a judgment of the Superior Court of San Luis Obispo County. T. A. Norton, Judge. Reversed.

The facts are stated in the opinion of the court.

Fogel & Beman for Appellant.

S. V. Wright and Alex Webster for Respondent.

SHAW, C. J.—The plaintiff appeals from a judgment entered against it in favor of the defendant J. E. Price on October 5, 1920, for damages in the sum of $3,500. It is based upon a pleading of said J. E. Price denominated a cross-complaint.

The plaintiff's complaint stated a cause of action in equity showing that the plaintiff was operating a public stage line between Los Angeles and San Francisco in this state, through the cities of El Paso de Robles and San Luis Obispo, under the franchises from the railroad commission and said cities, authorizing it to do so for the period of five years; that the defendants were maliciously conspiring together to deprive plaintiff of said franchises through the city of El Paso de Robles, and threaten to do so and thereby prevent and interfere with the operation of its stages, and made their intent to do so public, thereby preventing passengers from traveling on plaintiff's stages, to its damage in the sum of $5,000. The complaint prayed for an injunction and for $5,000 as damages.

To this complaint defendant Price filed an answer denominated as an answer and cross-complaint. The so-called cross-complaint, however, merely states a cause of action in favor of Price against plaintiff for damages. It alleges that Price was operating a stage line from San Luis Obispo to El Paso de Robles for local business and had a franchise and permit from the railroad commission, duly issued, authorizing it to do so; that the plaintiff was operating a through line of stages from Los Angeles to San Francisco, and contrived to intercept local business between its stations in the two cities of San Luis Obispo and El Paso de Robles, which would otherwise have been transacted by Price, to his damage in the sum of $3,500. It asked judgment for this sum and also for exemplary damages in the sum of $5,000.

The plaintiff failed to file any answer to this so-called cross-complaint. Thereupon, on motion of Price, the court made an order declaring the plaintiff's default for failure to answer or otherwise plead to the said cross-complaint. The plaintiff soon afterwards moved to set aside the order of default on the ground, first, that the court had not jurisdiction to make such order, and, second, that the failure to answer was due to the inadvertence and excusable neglect of the plaintiff. This motion was denied by the court. Thereafter the cause was set for trial on May 18, 1920. Upon the trial, both parties being present, the court refused the demand of the plaintiff that the defendant be required to prove the allegations of the cross-complaint in relation to the damages alleged. It held that the default admitted all of the allegations of the cross-complaint, so called, including the amount of actual damages alleged, and entered judgment in favor of the defendant Price against the plaintiff for $3,500.

[1] The court was in error in holding that the pleading filed by the defendant was a cross-complaint. It is true that it is so denominated in the introduction and by indorsement thereon, but it is thoroughly established that the designation given by a party to his pleading does not determine its character. [2] The question whether it is a cross-complaint or counterclaim must be determined by the court from its allegations, and not from the designation given to it by the party. (*Holmes* v. *Richet,* 56 Cal. 311 [38 Am. Rep. 54]; *Harrison* v. *McCormick,* 69 Cal. 619 [11 Pac. 456]; *Gregory* v. *Bovier,* 77 Cal. 124 [19 Pac. 232]; *Meeker* v. *Dalton,* 75 Cal. 156 [16 Pac. 764]; *Mills* v. *Fletcher,* 100 Cal. 148 [34 Pac. 637]; *McDougald* v. *Hulett,* 132 Cal. 160 [64 Pac. 278]; *Hibernia etc. Soc.* v. *Insurance Co.,* 138 Cal. 260 [71 Pac. 334].) The code provides that the answer shall contain: 1. A general or specific denial of the material allegations of the complaint controverted by the defendant. 2. A statement of any new matter constituting a defense or *counterclaim.* (Code Civ. Proc., sec. 437.) It also provides that a counterclaim may consist of a cause of action connected with the subject of the plaintiff's action. (Code Civ. Proc., sec. 438.) The facts alleged in the complaint show that the plaintiff had a franchise to operate a public stage line running through San Luis Obispo and El Paso de Robles, and plain-

tiff sought to enjoin the defendants, including Price, from endeavoring to destroy its franchise, and asked damages for the injury already suffered from the publication of their threats and purposes. The cause of action of the defendant Price was for damages to him because of the alleged interception by the plaintiff of Price's business over said line in and between said two cities. It arises out of the rival claims of the parties to the same route, and although it does not seek relief as to the property in the franchise of either party, it is manifestly connected with the subject of the plaintiff's action, and, therefore, it comes within the definition of a counterclaim in section 438. Section 462 provides that "the statement of any new matter in the answer, in avoidance or constituting a defense or *counterclaim*, must on the trial, be deemed controverted by the opposite party." It is obvious, therefore, that no default should have been entered for the failure of plaintiff to answer the allegations of the counterclaim, miscalled a cross-complaint; that the same should have been deemed controverted on the trial; that the defendant Price should have been required to prove the material allegations thereof; that the court should have required such proof, and that it erred in entering judgment upon the theory that the default had admitted all its allegations.

As the judgment must of necessity be reversed for this error, it is unnecessary to consider the question whether the failure to answer was inadvertent. The court should have set aside the default of its own motion. It was not authorized to enter such default and it should have had no effect as a matter of law.

We express no opinion as to the sufficiency of the facts stated in either the complaint of the plaintiff, or the counterclaim of Price, to constitute a cause of action.

The judgment is reversed.

Waste, J., Lennon, J., Lawlor, J., Richards, J., *pro tem.*, and Myers, J., *pro tem.*, concurred.

Rehearing denied.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.