(96 South. 541)

No. 25570.

## COCO v. BORDELON et al.

### In re COCO.

(Jan. 2, 1923. Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Husband and wife** ⟾152—**Married woman may make contracts specified in statute without authorization.**

Under Act No. 94 of 1916, as amended by Act No. 244 of 1918, and Act No. 219 of 1920, providing that a married woman may contract debts, purchase, sell, mortgage, and otherwise bind herself with reference to her separate property, a married woman may make contracts of the kind enumerated without authorization by her husband or the court, under Civ. Code, art. 125 et seq.

2. **Husband and wife** ⟾152—**Married woman cannot bind herself for husband's debts, though contract disguised in permissible form.**

Act No. 94 of 1916, as amended by Act No. 244 of 1918 and Act No. 219 of 1920, does not authorize a married woman to make what is in reality a contract binding her or her separate property for her husband's debts, though disguised as permissible contract.

3. **Husband and wife** ⟾169(1)—**Married woman's loan and mortgage not avoided by her disposition of proceeds.**

Where a married woman has made bona fide loan and mortgage, it is not affected by fact that she squanders the proceeds, or gives them to her husband, in view of her right to make donations to him, and protection afforded her against his use of her funds and property.

4. **Husband and wife** ⟾232(1)—**Married woman has burden of showing contract was not one permitted by statute.**

When married woman has executed contract in form and covering subject-matter permitted by Act No. 94 of 1916, as amended by Act No. 244 of 1918 and Act No. 219 of 1920, and thereafter assails the contract, she carries burden of sustaining her contention:

Certiorari to Court of Appeal, Parish of Avoyelles.

Action by Albert Coco against Mrs. Octavie Mayeux Bordelon and another. Judgment for defendants was affirmed by the Court of Appeal and plaintiff applies for certiorari or writ of review. Judgment annulled and set aside, and judgment granted for plaintiff.

J. W. Joffrion, of Marksville, for applicant.

Benj. W. Kernan, of New Orleans, amicus curiæ.

W. E. Couvillon, of Marksville, for respondents.

DAWKINS, J. Plaintiff sued by ordinary action a married woman and her husband (the latter for purposes of authorization) upon a promissory note secured by mortgage upon her paraphernal property and dated December 30, 1920.

The defendant pleaded that the loan represented by the note was made to her husband and that she had been coerced into executing a mortgage upon her said property for his benefit and to secure his said debt.

The trial court found, as a fact, that the evidence showed the loan to have been made by plaintiff to the wife, but held that her property was not bound therefor; that the burden was upon plaintiff to prove affirmatively that the money inured to the benefit of her separate estate, because the authority for making the loan had not been obtained from the judge, according to article 125 et seq. of the Civil Code.

The Court of Appeal affirmed the judgment of the district court, but said it was immaterial as to what the facts might be; that is, whether the loan was made in reality to the wife, or only ostensibly so for her husband, there being no separation of property, the obligation was presumed to be that of the community for which she could not bind her property, and, in the absence of an authorization of the judge pursuant to articles 125 et seq. of the Code, it was incumbent upon plaintiff to prove that the money inured to her separate benefit or that of her parapher-

nal property. Having found that the funds were used by the husband, it affirmed the judgment of the district court.

We agree with the trial judge that the record shows the loan to have been made to the wife, and the sole question to be answered is, what was the effect of that contract, in view of the Act No. 94 of 1916, as amended by the Acts of 1918 and 1920?

Both the district court and Court of Appeal cited and relied upon Lorio v. Gladney, 147 La. 930, 86 South. 365; but that was a case in which there was no dispute but that the debt was that of the husband, and, concededly, the paraphernal personal property (jewelry) of the wife had been pledged for its payment. It is true that that decision was rendered under the act as amended in 1918 (Act No. 244) and before the Legislature in 1920 (Act No. 219) had inserted the proviso reading:

"Provided, that nothing herein contained shall be deemed or construed to authorize a married woman to contract with her husband, or to grant her the right to mortgage or pledge her separate or paraphernal property for the benefit of her husband, or to bind or obligate herself personally or as surety for her husband."

But this amendment did nothing more than to write into the law expressly what it was held to mean without it in the Lorio Case, and that was, that the wife could not bind herself or her property for her husband's debt.

[1, 2] However, the ruling now complained of loses sight of the distinction between the power, under the statute, of the wife to contract with reference to her separate property, and her power to bind it or herself for the benefit of her husband or for his debts; the first contract she is expressly authorized to make, while the latter she could neither make under the Code, nor under the Act of 1916 or its amendments. It would be doing violence to the very language of the act, wherein it says:

"That a married woman, whether a resident of this state or not, shall be competent to contract debts, purchase, sell and mortgage, and to bind and obligate herself personally with reference to her separate and paraphernal property, and to appear in courts and to sue and be sued, to the same extent and in the same manner as though she were a feme sole; * * *"

—to hold that where she actually made a contract of such character, she was not bound. Under the provision quoted, she no longer needs the authorization of either her husband or the court to make contracts of the kind enumerated any more than a feme sole, or a woman who has no husband; but she cannot make what is in reality another kind of agreement, though disguised in the permissible form, any more than any one else could do indirectly that which is prohibited to be done directly.

[3, 4] If it be shown that she has made a bona fide contract concerning her paraphernal estate, in the shape of a loan and mortgage, it makes no difference what she may afterwards do with the money—whether she squander it, give it to her husband, or what not. She is permitted by the Code to make donations to him, subject, however, to the right of revocation; and the law protects her against the use of her funds and property by her husband with a legal mortgage upon his property and that of the community, where she chooses to properly assert the right. We are convinced, however, that where she has executed a contract in the form and covering the subject-matter with which the statute permits her to deal, and thereafter assails it, she carries the burden of sustaining her contention just as any other litigant would have to do when attacking his agreement for latent causes, as in cases where minority or insanity is relied on for relief.

We think the proof in this record fails to sustain the attack upon the note and mortgage, but on the contrary, are convinced that

the contract was made in reality for and with her, and that the plaintiff is entitled to recover.

For the reasons assigned, the judgments of the district court and Court of Appeal are annulled and set aside, and it is now ordered, adjudged, and decreed that there be judgment for plaintiff and against defendant for the sum of $690, with 8 per cent. per annum interest thereon from December 30, 1920, until paid, together with 10 per cent. upon principal and interest as attorney's fees, and that plaintiff's mortgage and privilege upon the property described in his original petition be recognized and rendered executory, defendant to pay all costs.

O'NIELL, J., concurs in the result, on the ground that the money lender dealt with Mrs. Bordelon in good faith, making this check payable to her, which she cashed.