No. 377

First Circuit

___

MORRIS v. GIOVANNI ET AL.

___

(December 4, 1928. Opinion and Decree.)

___

W. C Braden, of Lake Charles, attorney for plaintiff, appellant.

Leon Sugar, of Lake Charles, attorney for defendant, appellee.

LECHE, J. On July 9, 1927, plaintiff sold to Mrs. Beulah Stout Giovanni, wife of Joseph E. Giovanni, a certain tract of land, for the price and sum of eight hundred dollars, of which amount Mrs. Giovanni paid cash, the sum of ten dollars, and in representation of the balance of said purchase price, she subscribed thirty-two

promissory notes payable monthly thereafter. Giovanni, the husband, did not appear in the act, and the sale contains the following stipulation:

"It is understood that the vendee herein purchases this property with her own money, under her separate administration and control."

The present suit is upon the notes thus made and subscribed by Mrs. Giovanni.

Plaintiff prays for judgment not only against Mrs. Giovanni, but also against her husband, on the theory that the purchase was made by her for the benefit of the community. Judgment by default was confirmed against Mrs. Giovanni, and this appeal, which was taken by plaintiff from the judgment in favor of Giovanni, the husband, only involves the question of the liability of the husband.

Act 94, p. 212, of 1916, as amended by Act 219, p. 365, of 1920, provides that a married woman may purchase and bind and obligate herself personally with reference to her separate and paraphernal property to the same extent and in the same manner as though she were a feme sole. Previous to the passage of that act, a married woman could not obligate herself or bind her separate property without the consent and authority of her husband. If she did so, the contract was null and void. She always could, however, obligate herself or bind her separate property with the consent and authority of her husband and such contract was held valid provided she did not do so for the purpose of paying her husband's debts. If she bought property with her husband's consent and authority, the presumption has always been that such acquisition is for the benefit of the community and third persons may at any time challenge the truth of her statement that she made such acquisition with her separate funds and for her separate benefit. But since the adoption of the Act of 1916, how can the presumption arise that she has bought for the benefit of the community when it is recited that she has purchased with her separate funds and for her separate benefit, where the act by which she acquired does not show the consent or authority of her husband. The husband is head and master of the community and to presume that she bought for the benefit of the community would be to presume that she acted as agent of her husband when such agency can only be shown by writing and not by parol. A mandate to buy or sell an immovable is part of the title which can only be created by written proof Title to an immovable may be avoided but never can be created by parol.

We are therefore of the opinion that where a wife purchases immovable property in her own name, declaring that she buys with her separate funds for her seprate benefit and the husband's consent and authority is not shown in writing and does not appear by his taking part in the act, there cannot arise a presumption that such purchase is made for the benefit of the community.

Plaintiff bases his demand entirely on the presumption that the acquisition by Mrs. Giovanni, on July 9, 1927, was and is for the benefit of the community, and while he concedes that her husband is not liable as maker of the notes, he contends that the husband is liable for the price of the property.

The District Judge rejected plaintiff's demand against Giovanni, the husband, and believing that his judgment is supported by the law of the case, it is affirmed.