## JOHNSTON v. OUACHITA NAT. BANK OF MONROE, LA.

### No. 8553.

Circuit Court of Appeals, Eighth Circuit.

April 28, 1930.

J. R. Wilson, of El Dorado, Ark., for appellant.

Frederick G. Hudson, Jr., of Monroe, La. (Hudson, Potts, Bernstein & Sholars, of Monroe, La., on the brief), for appellee.

Before BOOTH and GARDNER, Circuit Judges, and SANBORN, District Judge.

BOOTH, Circuit Judge.

This is an appeal from a decree granting a recovery to appellee, plaintiff below, upon a promissory note executed by appellant, and also foreclosing a pledge of certain stock accompanying the note as collateral security.

The amended bill alleged that the note was executed by appellant June 17, 1926; that it was for the sum of $9,000, payable December 17, 1926, to the Taylor-Johnston Manufacturing Company, Inc., of Monroe, La.; that it was transferred before maturity for a valuable consideration to plaintiff, a national bank, whose principal place of business was at Monroe, La. Jurisdiction was based upon diversity of citizenship.

The answer consisted of specific denials of the allegations of the amended bill.

The amended bill was filed August 9, 1927. The answer thereto was filed October 7, 1927.

The case came on for trial July 12, 1928, and on that date an amendment to the answer was tendered and leave was asked to file the same. Plaintiff objected to the filing of the amendment, and the objection was sustained.

The proposed amendment contained allegations to the effect that if defendant signed the note in question she did so at the request of her husband, with whom she was living at the time, and for his benefit; and that she so signed without the authorization either of her husband or of a judge of her domicile, as required by the law of Louisiana, where the note was executed.

It is apparent that the proposed amendment introduced a new defense. The amended bill had been on file for more than eleven months. There was no showing excusing the delay. No notice had been given of the proposed amendment, and it was not tendered until the day set for the trial. Error is predicated upon the refusal to allow the amendment. Under Rule 19 of the New Equity Rules (28 USCA § 723), amendment of pleadings may be allowed in the discretion of the court, but subject to review in case of abuse of discretion. Ames v. Sullivan, 235 F. 880 (C. C. A.); Beers v. Denver & R. G. W. R. Co., 286 F. 886 (C. C. A. 8); Radio Corp. of America v. Emerson, 296 F. 51 (C. C. A.); Electric, etc., Corp. v. United P. & L. Corp., 19 F.(2d) 311 (C. C. A. 8). We find no abuse of discretion in the instant case.

We might with propriety stop at this point and affirm the decree. However, the trial proceeded in the lower court, and the defendant at great length and in detail made offers to prove the defensive matter set up in the proposed amendment. At the close of the trial the court took the case under advisement, and received briefs from the respective parties covering the matter of the laws of the state of Louisiana which it was claimed had application to the case. The decree was filed on the 17th of September, 1928. The court in a memorandum said:

"The substance of the defense in the amendment tendered was to claim the invalidity of the contract, under the laws of Louisiana on the ground that in executing the note she did so as security for her husband. * * *

"On the face of the note it appears to be the obligation of the defendant to the Taylor-Johnston Manufacturing Company, which is shown to be a corporation of Louisiana. The corporation discounted the note, and used the proceeds in the course of its business. The defendant's husband was an officer and stockholder of the corporation. The question is whether that relation of defendant's husband to the corporation is such a relation as will permit her to plead the defense under the statutes of Louisiana that the note was made for his benefit."

The court then cited the case of Stothart

v. William T. Hardie & Co., 110 La. 696, 34 So. 740, as supporting the view that under the laws of the state of Louisiana Mrs. Johnston would be liable on the note, even though it had been given as security for the debt of the corporation of which her husband was an officer. The memorandum concludes as follows: "Upon the authority of that case the defense sought to be set up by the defendant is not available to her, and she has lost nothing being prevented from filing the amendment to her answer.".

We think this conclusion of the trial court was correct. Even before the passage by the Legislature of Louisiana of the Act of July 8, 1926 (No. 132)—which was subsequent to the transaction here in question and therefore is not involved—the capacity of a married woman to contract had been greatly enlarged by the acts approved July 5, 1916 (No. 94); July 11, 1918 (No. 244); and July 8, 1920 (No. 219). By virtue of these last-mentioned acts, a married woman in Louisiana became free to enter into contracts, except those with her husband, or in which she became obligated personally or as surety for her husband, and except those relating to the establishing or regulating the matrimonial community. The authorities subsequent to the passage of these acts so hold. See Lorio v. Gladney, 147 La. 930, 86 So. 365; Lorio v. Gladney, 153 La. 994, 97 So. 16; Coco v. Bordelon, 153 La. 711, 96 So. 541; Gosserand v. Monteleone, 164 La. 397, 113 So. 889; Morris v. Giovanni, 9 La. App. 242, 119 So. 267.

That the facts in the case at bar, including those offered to be proved, did not bring the contract within the exception relating to contracts with or on behalf of the husband, was pointed out correctly by the trial court, citing the case of Stothart v. William T. Hardie & Co., supra.

Though the defense set up in the original answer has failed of proof, and though the defense set up in the tendered amendment has been shown to be unavailing to defendant, yet the defendant has attempted to urge in this court that there is still another defense, viz.: that the contract entered into by defendant, the promissory note—related to the matrimonial community between her and her husband, and that she had no capacity to make such a contract.

We shall not undertake to determine or discuss this final defense thus attempted to be set up for the first time in this court.

Good practice does not ordinarily allow a litigant to present a defense for the first time in the appellate court. Bates v. Coe, 98 U. S. 31, 47, 25 L. Ed. 68; L. & N. R. Co. v. Cook Brew Co., 223 U. S. 70, 32 S. Ct. 189, 56 L. Ed. 355; Duignan v. United States, 274 U. S. 195, 47 S. Ct. 566, 71 L. Ed. 996; Elkan v. Sebastian Bridge Dist., 291 F. 532 (C. C. A. 8). We will simply add that we are convinced from examination of the record that no miscarriage of justice will result from enforcing the rule in the instant case.

In our opinion the decree entered by the trial court was correct, and it is affirmed.